Gregory B. Thomas (SBN 239870)
E-mail:  gthomas@bwslaw.com
Temitayo O. Peters (SBN 309913)
E-mail:  tpeters@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA  94612-3501
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Defendant
COUNTY OF ALAMEDA (sued herein
as "ALAMEDA COUNTY")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF MAURICE MONK, brought by personal representative, NIA'AMORE MONK; NIA'AMORE MONK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMEDA COUNTY, a municipal corporation; WELLPATH COMMUNITY CARE, LLC, a corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  3:22-cv-04037-TSH<br><br>**DEFENDANT COUNTY OF ALAMEDA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

Defendant COUNTY OF ALAMEDA ("Defendant") answers Plaintiffs' First Amended Complaint and alleges as follows:

**INTRODUCTION**

1. In response to Paragraph 1, Defendant admits that Mr. Maurice Monk ("Decedent") was arrested on October 11, 2021 for trespassing on AC Transit Property and for an outstanding misdemeanor warrant for criminal threats after he was disruptive and refused to exit an Alameda County Transit Bus.  Defendant further admits that Decedent was incarcerated in Santa Rita Jail ("SRJ") after his arrest on October 11, 2021.  Defendant also admits that on November 14, 2021, Mr. Monk's sister, Elvira Monk, sent jail staff a copy of a verification

1  indicating that Decedent had been started on injectable Haldol Decanoate 50 mg on October 6,
2  2021.  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a
3  belief as to the truth of the remaining allegations in Paragraph 1, and on that basis denies each and
4  every remaining allegation.

5      2.    In response to Paragraph 2, Defendant admits that jail staff found Decedent laying
6  unresponsive in his cell on November 15, 2021 and that he was forty-five years old when he died.
7  Defendant also admits that Decedent died in custody just over one month after he was booked
8  into SRJ for the final time on October 11, 2021.  Defendant admits that Decedent's sister, Elvira
9  Monk, provided jail staff with a medical record for Decedent on November 14, 2021 and that
10 another SRJ inmate also died on November 15, 2021.  Defendant denies that Decedent's death
11 was the "57th death to occur" at SRJ since 2014.  Except as admitted and denied herein,
12 Defendant lacks sufficient knowledge or information to form a belief as to the truth of the
13 remaining allegations in Paragraph 2, and on that basis denies each and every remaining
14 allegation.

**JURISDICTION**

16     3.    In response to Paragraph 3, Defendant admits that this Court has jurisdiction over
17 this lawsuit and that Plaintiffs' claims are asserted under 42 U.S.C. § 1983.  Except as admitted
18 herein, Defendant denies each and every remaining allegation.

**PARTIES**

20     4.    In response to Paragraph 4, Defendant admits that Decedent was forty-five years
21 old when he died on November 15, 2021.  Except as admitted herein, Defendant lacks sufficient
22 knowledge or information to form a belief as to the truth of the remaining allegations in
23 Paragraph 4, and on that basis denies each and every remaining allegation.

24     5.    In response to Paragraph 5, Defendant admits that Plaintiff ESTATE OF
25 MAURICE MONK ("ESTATE") is asserting various state and federal claims in this action
26 arising out of Decedent's in-custody death at SRJ.  Except as admitted herein, Defendant asserts
27 that the remaining allegations in Paragraph 5 are legal conclusions to which no response is
28 required.  *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010).

6. In response to Paragraph 6, Defendant admits that Plaintiff NIA'AMORE MONK ("MONK") is asserting various state and federal claims in this action arising out of Decedent's in-custody death at SRJ. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff MONK is a "competent adult, a resident of California, a citizen of the United States, and the "biological daughter of Decedent" and on that basis denies these allegations. Except as admitted or denied herein, Defendant asserts that the remaining allegations in Paragraph 6 are legal conclusions to which no response is required. *Barnes*, *supra*, 718 F.Supp.2d at 1175.

7. In response to Paragraph 7, Defendant admits that it is a California municipal entity. Defendant further admits that the Alameda County Sheriff's Office operates SRJ, which is located in Dublin, California. Except as admitted herein, Defendant denies each and every remaining allegation.

8. In response to Paragraph 8, Defendant admits that co-defendant WELLPATH is SRJ's designated Health Authority under California Code of Regulations, Title 15, Article 11 and that it is contractually responsible to develop and implement policies, practices, procedures, and trainings for medical care of SRJ's inmates. Defendant denies that WELLPATH is responsible for psychiatric care other than the administration of medication and certain screenings at intake. Except as specifically admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies each and every remaining allegation.

9. In response to Paragraph 9, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

10. In response to Paragraph 10, Defendant denies each and every allegation.

11. In response to Paragraph 11, Defendant denies each and every allegation.

12. In response to Paragraph 12, Defendant denies each and every allegation.

13. In response to Paragraph 13, Defendant admits that Plaintiff MONK filed a government tort claim with Defendant on February 9, 2022 and that said claim was denied by

operation of law. Defendant affirmatively denies that Plaintiff ESTATE filed a government tort claim with Defendant before filing this lawsuit.

## FACTUAL ALLEGATIONS

14. In response to Paragraph 14, Defendant admits that Decedent was arrested on October 11, 2021 for trespassing on AC Transit Property and for an outstanding bench warrant for criminal threats after he argued with an AC Transit Bus Driver and refused to exit the bus as requested. Defendant also admits that Decedent was arrested and transferred to SRJ after his altercation with the AC Transit Bus Driver. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis denies each and every remaining allegation.

15. In response to Paragraph 15, Defendant denies that Decedent's bail was set for $2,500. Defendant also admits that Decedent was housed at SRJ for over a month before his death on November 15, 2021. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis denies each and every remaining allegation.

16. In response to Paragraph 16, Defendant admits that Decedent's medical records indicate prior, pre-incarceration prescriptions for high blood pressure, diabetes, and mental disorders. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis denies each and every remaining allegation.

17. In response to Paragraph 17, Defendant admits that on November 14, 2021, Decedent's sister, Elvira Monk, sent jail staff a copy of a verification indicating that Decedent had started on injectable Haldol Decanoate 50 mg on October 6, 2021. Defendant denies that Ms. Monk made any further efforts to contact jail staff any other time during Decedent's final incarceration. Except as admitted or denied herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that basis denies each and every remaining allegation.

18. In response to Paragraph 18, Defendant admits that Decedent had been diagnosed with schizophrenia. Defendant further admits that on November 14, 2021, Decedent's sister, Elvira Monk, sent jail staff a copy of a verification indicating that Decedent had started on injectable Haldol Decanoate 50 mg on October 6, 2021. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis denies each and every remaining allegation.

19. In response to Paragraph 19, Defendant admits that Decedent's in-custody medical records indicate prior, pre-incarceration prescriptions for high blood pressure, diabetes, and mental disorders. Defendant further admits that Decedent was classified as Administrative Separation during his final incarceration at SRJ and housed in a single-person cell. Defendant denies that Decedent was housed in solitary confinement during his final incarceration at SRJ. Defendant also denies that Decedent was not provided any of his prescribed medications during his final incarceration. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19, and on that basis denies each and every remaining allegation.

20. In response to Paragraph 20, Defendant admits that Decedent was found unresponsive in his cell on November 15, 2021 at around 7:35 p.m. approximately 35 days after he was incarcerated at SRJ. Defendant further admits that SRJ custody and medical personnel provided life-saving measures to Decedent on November 15, 2021. Defendant further admits that Decedent was pronounced dead after the paramedics arrived at around 8:12 p.m. Except as admitted herein, Defendant denies each and every remaining allegation.

21. In response to Paragraph 21, Defendant admits that Decedent's forensic autopsy report indicates that the cause of his death was hypertensive cardiovascular disease. Except as admitted herein, Defendant denies each and every remaining allegation.

**MONELL ALLEGATIONS**

22. In response to Paragraph 22, Defendant denies each and every allegation.

(a) In response to Paragraph 22(a), Defendant admits that an inmate named "Juan Jesus Chaidez" was previously incarcerated at SRJ. Defendant also admits that on June 3,

1  2021, Mr. Chaidez filed a complaint in this jurisdiction (*Chaidez v. Santa Rita Jail, et al.*, Case

2  No.: 3:21-cv-04240-RS) arising out of a nonfatal injury he allegedly suffered while in custody at

3  SRJ.  Except as admitted herein, Defendant denies each and every remaining allegation.

4      (b)  In response to Paragraph 22(b), Defendant admits that an inmate named

5  "Terry Gordon" was previously incarcerated at SRJ.  Defendant also admits that on May 24,

6  2021, Mr. Gordon filed a complaint in this jurisdiction (*Terry Gordon, AKM042 v. Santa Rita Jail*

7  *Medical Staff*, Case No.: 3:21-cv-03885-CRB) arising out of a nonfatal injury he allegedly

8  suffered while in custody at SRJ.  Except as admitted herein, Defendant lacks sufficient

9  knowledge or information to form a belief as to the truth of the remaining allegations in

10  Paragraph 22(b), and on that basis denies each and every remaining allegation.

11      (c)  In response to Paragraph 22(c), Defendant admits that an inmate named

12  "Peter Richard Cole" was previously incarcerated at SRJ.  Defendant also admits that on May 16,

13  2018, Mr. Cole filed a complaint in this jurisdiction (*Cole v. Santa Rita Jail*, Case No.: 4.18-cv-

14  02874-HSG) arising out of a nonfatal injury he allegedly suffered while in custody at SRJ.

15  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief

16  as to the truth of the remaining allegations in Paragraph 22(c), and on that basis denies each and

17  every remaining allegation.

18      (d)  In response to Paragraph 22(d), Defendant admits that an inmate named

19  "Lawrence Bennetto" was previously incarcerated at SRJ.  Defendant also admits that on

20  September 24, 2016, Mr. Bennetto filed a complaint in this jurisdiction (*Lawrence Bennetto v.*

21  *Santa Rita Jail*, Case No.: 3:16-cv-05464-SK) arising out of a nonfatal injury he allegedly

22  suffered while in custody at SRJ.  Except as admitted herein, Defendant lacks sufficient

23  knowledge or information to form a belief as to the truth of the remaining allegations in

24  Paragraph 22(d), and on that basis denies each and every remaining allegation.

25      (e)  In response to Paragraph 22(e), Defendant admits that an inmate named

26  "Rickey W. Moore" was previously incarcerated at SRJ.  Defendant also admits that on July 25,

27  2016, Mr. Moore filed a complaint in this jurisdiction (*Moore v. Corizon Health Services*, et al.,

28  Case No.: 4:16-cv-04195-DMR) arising out of a nonfatal injury he allegedly suffered while in

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4888-5362-4108 v5

- 6 -

DEFT'S ANSWER TO PLTFS' AMENDED
COMPLAINT - 3:22-CV-04037-TSH

custody at SRJ.  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22(e), and on that basis denies each and every remaining allegation.

(f) In response to Paragraph 22(f), Defendant admits that an inmate named "James Duckett" was previously incarcerated at SRJ.  Defendant also admits that on April 27, 2016, Mr. Duckett filed a complaint in this jurisdiction (*Duckett v. Corizon PHS, et al.*, Case No. 4:16-cv-02293-KAW) arising out of a nonfatal injury he allegedly suffered while in custody at SRJ.  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22(f), and on that basis denies each and every remaining allegation.

(g) In response to Paragraph 22(g), Defendant admits that an inmate named "Michael Davis" was previously incarcerated at SRJ.  Defendant also admits that on March 31, 2014, Mr. Davis filed a complaint in this jurisdiction (*Davis v. Santa Rita Jail, et al.*, Case No.: 3:14-cv-01468-EMC) arising out of a nonfatal injury he allegedly suffered while in custody at SRJ.  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22(g), and on that basis denies each and every remaining allegation.

(h) In response to Paragraph 22(h), Defendant admits that an inmate named "Michael Henderson, Sr." was previously incarcerated at SRJ.  Defendant also admits that on February 21, 2013, Mr. Henderson filed a complaint in this jurisdiction (*Henderson v. Raina et al.*, Case No. 4:13-cv-00765-SBA) arising out of a nonfatal injury he allegedly suffered while in custody at SRJ.  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22(h), and on that basis denies each and every remaining allegation.

23. In response to Paragraph 23, Defendant denies each and every allegation.

24. In response to Paragraph 24, Defendant denies each and every allegation.

25. In response to Paragraph 25, Defendant denies each and every allegation.

26. In response to Paragraph 26, Defendant denies each and every allegation.

27. In response to Paragraph 27, Defendant denies each and every allegation.

28. In response to Paragraph 28, Defendant admits that 28 inmates died in-custody at SRJ between July 27, 2017 and July 27, 2022 and that there were additional, unsuccessful inmate suicide attempts during this same timeframe. Defendant affirmatively asserts that death by definition is a tragedy. Except as admitted and asserted herein, Defendant denies each and every remaining allegation.

29. In response to Paragraph 29, Defendant denies each and every allegation.

30. In response to Paragraph 30, Defendant admits that former Alameda County Sheriff Office Deputies Sarah Krause and Stephen Sarcos were arrested and charged with permitting an inmate to throw feces and urine at another inmate in Housing Unit 9. Except as admitted herein, Defendant denies each and every remaining allegation.

31. In response to Paragraph 27, Defendant admits that on December 21, 2018, eight individually-named Plaintiffs filed a class action lawsuit, *Ashok Babu, et al. v. County of Alameda, et al.*, Case No. 5:18-cv-07677-NC, alleging unconstitutional conditions of confinement pertaining to mental health care at SRJ against Defendant and other individually-named defendants. Except as admitted herein, Defendant denies each and every remaining allegation.

**DAMAGES**

32. In response to Paragraph 32, Defendant denies each and every allegation.

33. In response to Paragraph 33, including subparagraphs (a)-(i), Defendant denies each and every allegation.

34. In response to Paragraph 34, Defendant denies each and every allegation.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Fourteenth Amendment – Deliberate Indifference under 42 U.S.C. Section 1983)**

(*Plaintiff Estate of Monk as successor-in-interest to Decedents against Defendants DOES 1-25*)

35. In response to Paragraph 35, Defendant re-alleges and incorporates by reference herein all responses previously asserted above.

///

36. In response to Paragraph 36, including subparagraph (a), Defendant denies each and every allegation.

37. In response to Paragraph 37, Defendant denies each and every allegation.

38. In response to Paragraph 38, Defendant denies each and every allegation.

In response to the unnumbered paragraph, Defendant denies that Plaintiffs are entitled to any form of relief for their First Cause of Action.

## SECOND CAUSE OF ACTION

**(Fourteenth Amendment – Familial Loss under 42 U.S.C. Section 1983)**

(*Plaintiff Nia'Amore Monk individually against Defendants DOES 1-25*)

39. In response to Paragraph 39, Defendant re-alleges and incorporates by reference herein all responses previously asserted above.

40. In response to Paragraph 40, including subparagraph (a), Defendant denies each and every allegation.

41. In response to Paragraph 41, Defendant denies each and every allegation.

42. In response to Paragraph 42, Defendant denies each and every allegation.

43. In response to Paragraph 43, Defendant denies each and every allegation.

In response to the unnumbered paragraph, Defendant denies that Plaintiffs are entitled to any form of relief for their Second Cause of Action.

## THIRD CAUSE OF ACTION

(Supervisory and Municipal Liability for Unconstitutional Custom or Police Practice under 42 U.S.C. Section 1983 (Monell))

(*Plaintiffs against Defendants COUNTY, WELLPATH and DOES 26-50*)

44. In response to Paragraph 44, Defendant re-alleges and incorporates by reference herein all responses previously asserted above.

45. In response to Paragraph 45, Defendant denies each and every allegation.

46. In response to Paragraph 46, Defendant denies each and every allegation.

47. In response to Paragraph 47, Defendant denies each and every allegation.

///

1  48. In response to Paragraph 48, including subparagraphs (a)-(e), Defendant denies each and every allegation.

2  49. In response to Paragraph 49, Defendant denies each and every allegation.

3  50. In response to Paragraph 50, Defendant denies each and every allegation.

4  51. In response to Paragraph 51, Defendant denies each and every allegation.

5  52. In response to Paragraph 52, Defendant denies each and every allegation.

In response to the unnumbered paragraph, Defendant denies that Plaintiffs are entitled to any form of relief for their Third Cause of Action.

## FOURTH CAUSE OF ACTION

(Title II of the American with Disabilities Act)

(*Plaintiffs against Defendant COUNTY & WELLPATH*)

53. In response to Paragraph 53, Defendant re-alleges and incorporates by reference herein all responses previously asserted above.

54. In response to Paragraph 54, Defendant admits that they had knowledge that Mr. Monk was schizophrenic. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 54, and on that basis denies each and every remaining allegations.

55. In response to Paragraph 55, Defendant admits that they had knowledge about Mr. Monk's medications prescribed for his mental illness. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 54, and on that basis denies each and every remaining allegation.

56. In response to Paragraph 56, Defendant denies each and every allegation.

In response to the unnumbered paragraph, Defendant denies that Plaintiffs are entitled to any form of relief for their Fourth Cause of Action.

///

///

///

///

## FIFTH CAUSE OF ACTION

(Negligence & Wrongful Death)

(*Plaintiffs against Defendant COUNTY, WELLPATH and DOES 1-50*)

57. In response to Paragraph 57, Defendant re-alleges and incorporates by reference herein all responses previously asserted above.

58. In response to Paragraph 58, Defendant admits that following allegations.

59. In response to Paragraph 59, Defendant admits that following allegations.

60. In response to Paragraph 60, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 60, including subparagraphs (a)-(c) and on that basis denies each and every remaining allegations.

61. In response to Paragraph 61, Defendant denies each and every allegation.

62. In response to Paragraph 62, Defendant denies each and every allegation.

63. In response to Paragraph 61, Defendant denies each and every allegation.

In response to the unnumbered paragraph, Defendant denies that Plaintiffs are entitled to any form of relief for their Fifth Cause of Action.

## SIXTH CAUSE OF ACTION

(Violation of the Bane Act (Cal. Civ. Code §52.1))

(*Plaintiffs against Defendant WELLPATH, COUNTY and DOES 1-50*)

64. In response to Paragraph 64, Defendant re-alleges and incorporates by reference herein all responses previously asserted above.

65. In response to Paragraph 65, Defendant denies each and every allegation.

66. In response to Paragraph 66, including subparagraph (a), Defendant denies each and every allegation.

67. In response to Paragraph 67, Defendant denies each and every allegation.

68. In response to Paragraph 68, Defendant denies each and every allegation.

69. In response to Paragraph 69, Defendant denies each and every allegation.

In response to the unnumbered paragraph, Defendant denies that Plaintiffs are entitled to any form of relief for their First Cause of Action.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief for which they pray, and Defendant accordingly denies all the allegations contained in Plaintiffs' Prayer for Relief.

Except as specifically admitted herein, Defendant denies each and every allegation in Plaintiffs' Complaint. Defendant reserves the right to amend this Answer and assert additional defenses based on further investigation and discovery.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses with respect to the claims alleged in Plaintiffs' Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiff. Defendant also hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves any right to amend this answer and to assert all such defenses

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, as set forth in the Complaint, are barred because Plaintiffs have failed to state any claim upon which relief can be granted in that negligence in diagnosing or treating a medical condition does not state a valid claim for a federal civil rights violation. *Parratt v. Taylor*, 451 U.S. 527 (1981).

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, as set forth in the Complaint, are barred or limited by the applicable statutes of limitations under either federal or California law.

## THIRD AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiffs, in whole or in part, because the losses or harm that the Plaintiffs have allegedly suffered were not caused by any act or omission of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to give notice to Defendant in connection with the filing of certain of the claims that require notice.

/ / /

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

Defendant at all times acted in good faith and with reasonable grounds for believing that they had not violated federal or California law.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action thereof, is barred because Plaintiffs failed to notify Defendant of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendant from taking any action to remedy such alleged violations.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Defendant upon which attorneys' fees or costs can be awarded.

**NINTH AFFIRMATIVE DEFENSE**

Defendant does not have supervisory liability or vicarious liability for any act or omission alleged in Plaintiffs' Complaint.

**TENTH AFFIRMATIVE DEFENSE**

This Complaint is barred by the relevant portions of the California Government Code, including, but not limited to, sections 815, 815.2, 818.2, 820.2, 820.4, 820.6, 820.8, 821, 844.6, 845.6, 855.6, 855.8, 856, and 856.4.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant did not deprive Plaintiffs of any right, privilege or immunity guaranteed by the Constitution, the laws of the United States, and the laws of California.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Complaint fails to state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Department of Social Services in the City of New York*, 436 U.S. 658 (1978). There can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy. *Id.*

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that all relevant times, Defendant and their agents or employees acted within the scope of their discretion, with due care and good faith fulfillment of their

1    responsibilities in accordance with applicable Court orders, statutes, rules, regulations, and

2    established and lawful policies and procedures, within the bounds of reason under all

3    circumstances known to them, and with the good faith belief that their actions comported with all

4    applicable federal and state laws, and they are therefore immune from liability.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs do not state a claim for deliberate indifference to a serious medical or mental health need because a difference in opinion as to the need to pursue one course of treatment over another is insufficient as a matter of law to establish deliberate indifference, and Plaintiffs cannot show that the course of treatment chosen was medically unacceptable under the circumstances. *Jackson v. McIntosh*, 90 F.3d 330 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that they are not responsible for the alleged acts or omissions of Defendant's employees under a respondeat superior theory of liability. *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs have failed to plead that each Government-official defendant has violated the Constitution through his or her own conduct, and they therefore may not be held liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs' claims, and each of them, are barred in whole or in part by the doctrine of qualified immunity.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the acts and conduct of Defendant, who were at all times herein government officials or government entities performing discretionary functions, did not violate clearly established statutory or constitutional rights of Plaintiffs of which a reasonable person would have known.  Furthermore, Defendant reasonably believed in good faith that their acts and

conduct were constitutional. *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981).

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial before a jury on all issues presented by Plaintiffs' First Amended Complaint triable to a jury.

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs take nothing by way of their First Amended Complaint and that judgment be rendered in Defendant's favor;

2. That Defendant be awarded its costs of suit incurred in defense of this action;

3. That Defendant be awarded its attorney's fees and litigation expenses incurred in defense of this action; and

4. For such other relief as the Court deems proper.

Dated: September 9, 2022                BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Temitayo Peters
Gregory B. Thomas
Temitayo O. Peters
Attorneys for Defendant
COUNTY OF ALAMEDA (sued herein as "ALAMEDA COUNTY")