Paul A. Cardinale, State Bar No. 215812
MEDICAL DEFENSE LAW GROUP
3800 Watt Avenue, Suite 245
Sacramento, CA 95821
Tel: (916) 244-9116
Fax: (916) 244-9130
Email: Paul.Cardinale@med-defenselaw.com

Attorney for Defendant
WELLPATH COMMUNITY CARE, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF MAURICE MONK, brought by personal representative, NIA'AMORE MONK; NIA'AMORE MONK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY, a municipal corporation; WELLPATH COMMUNITY CARE, LLC, a corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 3:22-cv-04037-TSH<br><br>**DEFENDANT WELLPATH COMMUNITY CARE, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: July 11, 2022<br>First Amended Complaint Filed: July 27, 2022 |

COMES NOW Defendant Wellpath Community Care, LLC,'S Answers Plaintiffs' First Amended Complaint for Damages and Demand for Jury Trial, as follows:

**INTRODUCTION**

1. Answering paragraph 1, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

2. Answering paragraph 2, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

## JURISDICTION

3. Answering paragraph 3, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

## PARTIES

4. Answering paragraph 4, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

5. Answering paragraph 5, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

6. Answering paragraph 6, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

7. Answering paragraph 7, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

8. Answering paragraph 8, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

9. Answering paragraph 9, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

10. Answering paragraph 10, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

///

///

11. Answering paragraph 11, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

12. Answering paragraph 12, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

13. Answering paragraph 13, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

## **FACTUAL ALLEGATIONS**

14. Answering paragraph 14, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

15. Answering paragraph 15, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

16. Answering paragraph 16, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

17. Answering paragraph 17, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

18. Answering paragraph 18, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

19. Answering paragraph 19, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

20. Answering paragraph 20, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

21. Answering paragraph 21, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

22. Answering paragraph 22, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

22a. Answering paragraph 22a, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

22b. Answering paragraph 22b, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

22c. Answering paragraph 22c, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

22d. Answering paragraph 22d, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

22e. Answering paragraph 22e, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

22f. Answering paragraph 22f, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

///

22g. Answering paragraph 22g, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

22h. Answering paragraph 22h, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

23. Answering paragraph 23, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

24. Answering paragraph 24, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

25. Answering paragraph 25, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

26. Answering paragraph 26, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

27. Answering paragraph 27, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

28. Answering paragraph 28, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

29. Answering paragraph 29, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

///

30. Answering paragraph 30, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

31. Answering paragraph 31, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

## DAMAGES

32. Answering paragraph 32, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

33a-i. Answering paragraph 33, including subparts a-i, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

34. Answering paragraph 34, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Fourteenth Amendment – Deliberate Indifference under 42 U.S.C. Section 1983)**

*(Plaintiff ESTATE OF MONK as successor-in-interest to Decedent against Defendant DOES 1-25)*

35. Answering paragraph 35, Answering Defendant hereby restates its answer to paragraphs 1 through 34 of the First Amended Complaint for Damages, and incorporate the same herein by reference as though fully set out herein at length.

36. Answering paragraph 36, including subpart a, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

///

///

1    37.    Answering paragraph 37, including subpart a, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

38.    Answering paragraph 38, including subpart a, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**(Fourteenth Amendment – Familial Loss under 42 U.S.C. Section 1983)**

*(Plaintiff NIA'AMORE MONK individually against Defendants DOES 1-25)*

39.    Answering paragraph 39, Answering Defendant hereby restates its answer to paragraphs 1 through 38 of the First Amended Complaint for Damages, and incorporate the same herein by reference as though fully set out herein at length.

40.    Answering paragraph 40, including subpart a, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

41.    Answering paragraph 41, including subpart a, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

42.    Answering paragraph 42, including subpart a, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

43.    Answering paragraph 43, including subpart a, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

///

///

///

///

## THIRD CAUSE OF ACTION

**(Supervisory and Municipal Liability for Unconstitutional Custom or Police Practice 42 U.S.C. Section 1983 (Monell))**

*(Plaintiffs against Defendants COUNTY, WELLPATH and DOES 26-50)*

44. Answering paragraph 44, Answering Defendant hereby restates its answer to paragraphs 1 through 43 of the First Amended Complaint for Damages, and incorporate the same herein by reference as though fully set out herein at length.

45. Answering paragraph 45, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

46. Answering paragraph 46, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

47. Answering paragraph 47, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

48a-e. Answering paragraph 48, including subparts a-e, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

49. Answering paragraph 49, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

50. Answering paragraph 50, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

51. Answering paragraph 51, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

52. Answering paragraph 52, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

## (Title II of American with Disabilities Act)

*(Plaintiffs against Defendant COUNTY & WELLPATH)*

53. Answering paragraph 53, Answering Defendant hereby restates its answer to paragraphs 1 through 52 of the First Amended Complaint for Damages, and incorporate the same herein by reference as though fully set out herein at length.

54. Answering paragraph 54, Plaintiffs have dismissed this cause of action as to Answering Defendant, however, out of an abundance of caution, Answering Defendant responds as follows: Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

55. Answering paragraph 55, Plaintiffs have dismissed this cause of action as to Answering Defendant, however, out of an abundance of caution, Answering Defendant responds as follows: Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

56. Answering paragraph 56, Plaintiffs have dismissed this cause of action as to Answering Defendant, however, out of an abundance of caution, Answering Defendant responds as follows: Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

///
///
///
///

# FIFTH CAUSE OF ACTION

## (Negligence & Wrongful Death)

*(Plaintiffs individually and as successor-in-interest against Defendants WELLPATH, COUNTY and DOES 1-50)*

57. Answering paragraph 57, Answering Defendant hereby restates its answer to paragraphs 1 through 56 of the First Amended Complaint for Damages, and incorporate the same herein by reference as though fully set out herein at length.

58. Answering paragraph 58, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

59. Answering paragraph 59, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

60. Answering paragraph 60, including subparts a-c, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

61. Answering paragraph 61, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

62. Answering paragraph 62, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

63. Answering paragraph 63, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

///
///
///

## SIXTH CAUSE OF ACTION

## (Violation of the Bane Act (Cal. Civ. Code § 52.1)

*(Plaintiffs against Defendants WELLPATH, COUNTY and DOES 1-50)*

64. Answering paragraph 64, Answering Defendant hereby restates its answer to paragraphs 1 through 63 of the First Amended Complaint for Damages, and incorporate the same herein by reference as though fully set out herein at length.

65. Answering paragraph 65, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

66a. Answering paragraph 66, including subpart a, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

67. Answering paragraph 67, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

68. Answering paragraph 68, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

69. Answering paragraph 69, Answering Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

## **JURY DEMAND**

70. Answering paragraph 70, Answering Defendant also hereby demands a jury trial in this action.

///

///

///

///

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

That Plaintiffs' First Amended Complaint does not state facts sufficient to constitute a cause of action against Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs were negligent in some percentage compared to that of other parties, and said negligence contributed legally to any injuries or damages.

## THIRD AFFIRMATIVE DEFENSE

That other persons and/or entities who are parties to this action and other persons and/or entities who are not parties to this action are liable for negligence or other legal fault and, should Plaintiffs obtain a judgment for damages, it would be the result of such conduct other than that of Answering Defendants and the legal cause of any injuries or damages.

## FOURTH AFFIRMATIVE DEFENSE

That Plaintiffs expressly assumed the risk of injury with full knowledge and appreciation of such conduct and that such conduct was the legal cause of any injuries and damages.

## FIFTH AFFIRMATIVE DEFENSE

That Plaintiffs failed to exercise reasonable diligence to mitigate any alleged damages and said conduct was the legal cause of any injuries and damages.

## SIXTH AFFIRMATIVE DEFENSE

That Plaintiffs' First Amended Complaint does not state facts sufficient to constitute a cause of action for punitive damages against Answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to demonstrate that they exhausted the available administrative remedies as required under 42 USC § 1997e(a), as amended by the Prison Litigation Reform Act of 1996, and any other available administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant is qualifiedly immune from civil damages because its conduct did not violate clearly established statutory constitutional rights of which a reasonable person would have known.

**NINTH AFFIRMATIVE DEFENSE**

Answering Defendant was not acting under color of law at the time it provided medical care and treatment to Plaintiff and/or Decedent.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Answering Defendant is protected from liability and suit by 42 United States Code § 1983 and is, therefore, barring Plaintiff from any and all recovery from Answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Answering Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory terms used in Plaintiffs' First Amended Complaint. Accordingly, Answering Defendant expressly reserves the right to assert additional defenses if and to the extent that such affirmative defenses become applicable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' causes of action are barred by the doctrines of release, laches, waiver, unclean hands, and estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants had the degree of knowledge, learning and skill ordinarily possessed by reputable members of the medical profession practicing in similar localities and under similar circumstances. Answering Defendants also used the knowledge, learning, skill and care ordinarily used by reputable members of the medical profession practicing in similar localities and under similar circumstances, as well as reasonable diligence and their best judgment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The liability of Answering Defendant, if any, for the non-economic damages of Plaintiffs pursuant to California Civil Code section 1431.2, if any, are limited in direct proportion to the percentage of fault attributed to Answering Defendant, as found by the trier of fact, in comparison to the fault of other parties in this action (Proposition 51).

**SIXTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant may elect to have future damages, if any, paid in whole or in part, as specified and provided for in California Code of Civil Procedure sections 667 and 667.7.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant made, consistent with good medical practice, a full and complete disclosure to Plaintiff and/or Decedent of all material facts known to Defendant or reasonably believed by Defendant to be true concerning Plaintiff's and/or Decedent's physical condition and the appropriate alternative procedures available for treatment of such condition. Further, each and every service provided to Plaintiff and/or Decedent by Defendant was expressly and impliedly consented to and authorized by Plaintiff and/or Decedent on the basis of the full and complete disclosure.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

A. Plaintiff and/or Decedent would have consented to the procedure or the treatment even if a reasonable person in his/her position might not if he/she had been given enough information about the risks.

B. Answering Defendant was not required to inform Plaintiff and/or Decedent about any risks of the procedure or the treatment because he/she asked not to be told of the risks.

C. Answering Defendant was not required to inform Plaintiff and/or Decedent about any risks of the procedure or the treatment because the procedure or the treatment was simple, and it was commonly understood any dangers were not likely to occur.

D. Answering Defendant was not required to inform Plaintiff and/or Decedent about any risks of the procedure or the treatment because Plaintiff and/or Decedent would have been so seriously upset that he would not have been able to reasonably consider those risks.

E. Answering Defendant was not required to obtain informed consent because an emergency existed, and Plaintiff and/or Decedent was unconscious or there was not enough time to inform him/her or an authorized person about the risks of the procedure or the treatment.

///
///
///

**NINETEENTH AFFIRMATIVE DEFENSE**

This action is barred under, and by virtue of, the provisions of California Code of Civil Procedure sections 335.1 and 340.5 and Answering Defendant hereby demands a separate trial of this defense in accordance with California Code of Civil Procedure section 597.5.

**TWENTIETH AFFIRMATIVE DEFENSE**

In all of the treatment provided to Plaintiff and/or Decedent by Answering Defendant, Plaintiff and/or Decedent was fully informed of the risks inherent in such medical treatment and the risks inherent in his own failure to comply with medical instructions and did voluntarily assume all attendant risks.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Answering Defendant was not the proximate/legal cause of Plaintiff's and/or Decedent's claimed injuries and damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's and/or Decedent's claimed injuries and damages and/or Decedent's death were caused by, or due to, an unavoidable condition or occurrence.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claimed injuries and damages and/or Decedent's death were unforeseeable.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's and/or Decedent's claimed injuries and damages were caused by forces of nature over which Answering Defendant had no liability, responsibility or control.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and/or Decedent's claimed injuries and damages were caused by new, independent, intervening or superseding causes over which Answering Defendant had no liability, responsibility, or control.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's and/or Decedent's claimed injuries and damages can and did occur in the absence of negligence.

///

///

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and/or Decedent's claimed injuries and damages were solely the result of the natural course of a disease or condition, or the expected result of reasonable treatment provided for the disease or condition by Answering Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff and/or Decedent failed to use ordinary care for the safety of his/her person and property, were negligent and careless concerning the matters set forth in the First Amended Complaint, and any damages suffered by him proximately resulted therefrom.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from asserting any causes of action against Answering Defendant because their claimed damages were the result of the intervening and/or superseding conduct of others over whom Defendant had no liability, responsibility, or control.

**THIRTIETH AFFIRMATIVE DEFENSE**

The negligence, misconduct and fault of Plaintiff and/or Decedent exceeded that of Answering Defendant and/or all Co-Defendants, if any, and Plaintiffs are therefore barred from any recovery.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Answering Defendant would be severally liable for only the portion of Plaintiffs' damages that represent the percentage of negligence, fault, or legal responsibility, if any, attributed to Defendant. Defendant would not therefore be responsible for the negligence, fault or legal responsibility attributed to Plaintiff, Decedent, Co-Defendant, if any, whether or not served, and third persons not named as a plaintiff or defendant.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff and/or Decedent failed, neglected, or refused to exercise efforts to mitigate their injuries and damages.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Answering Defendant reserves the right to introduce evidence of any amounts paid, or to be paid, as a benefit to Plaintiff, under and pursuant to California Civil Code section 3333.1 and claim the protection of California Civil Code section 3333.2.

DEFENDANT WELLPATH COMMUNITY CARE, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Answering Defendant has had to retain an attorney to defend itself in this action and Defendant is entitled to recover their attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Answering Defendant prays that Plaintiffs take nothing by reason of the First Amended Complaint on file herein, for costs of suit incurred herein; and, for such other and further relief as the court deems just and proper. Defendant hereby also demands a trial by jury.

DATED: September 28, 2022          **MEDICAL DEFENSE LAW GROUP**

By:     */s/ Paul A. Cardinale*
         Paul A. Cardinale, Esq.
         Attorney for Defendant WELLPATH
         COMMUNITY CARE, LLC

# PROOF OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 3800 Watt Avenue, Suite 245, Sacramento, California 95821. My electronic service email address is Moneik.Lewis@med-defenselaw.com.

On September 28, 2022, I served electronic copies of the within document(s) described as:

**DEFENDANT WELLPATH COMMNITY CARE, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

on the interested parties in this action as stated below:

| | |
|---|---|
| ADANTE D. POINTER, ESQ.<br>PATRICK M. BUELNA, ESQ.<br>TY CLARKE, ESQ.<br>POINTER & BUELNA, LLP<br>LA WYERS FOR THE PEOPLE<br>155 Filbert St., Suite 208<br>Oakland, CA 94607<br>Tel: 510-929-5400<br>Website: www.LawyersFTP.com<br>Email: APointer@LawyersFTP.com<br>Email: PBuelna@LawyersFTP.com<br>Email:TClarke@LawyersFTP.com | BURKE WILLIAMS & SORENSEN LLP<br>GREGORY B. THOMAS<br>TEMITAYO PETERS<br>JASPER HALL<br>1901 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Tel: 510.273.8780 \| f - 510.839.9104<br>Email: gthomas@bwslaw.com |

[X]  (BY E-MAIL) Pursuant to CCP 1010.6, subdivision (e) by transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above per electronic service agreement.

[X]  (**FEDERAL**) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on September 28, 2022, at Redding, California.

| | |
|---|---|
| Moneik Lewis<br>(Type or print name) | *Moneik Lewis*<br>(Signature) |