UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MAURICE MONK, et al., <br> Plaintiffs, <br> v. <br> ALAMEDA COUNTY, et al., <br> Defendants. | Case No. 22-cv-04037-TSH <br><br> **ORDER GRANTING MOTION TO INTERVENE** <br><br> Re: Dkt. No. 34 |

## I. INTRODUCTION

Plaintiff Nia' Amore Monk ("Plaintiff Monk") brings this 42 U.S.C. § 1983 case on behalf of herself and as personal representative of the Estate of Maurice Monk (together, "Plaintiffs") for damages related to the death of her father, Maurice Monk ("Decedent"), at Santa Rita Jail. Decedent's son, Kyse Monk ("Minor"), through his mother Kandi Stewart, now moves for an order allowing him to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a). ECF No. 34. Defendant County of Alameda filed a Statement of Non-Opposition. ECF No. 37. Plaintiffs and Defendant WellPath Community Care, LLC did not file a response. The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 2, 2023 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Minor's motion for the following reasons.[1]

## II. BACKGROUND

On October 11, 2021, Decedent was arrested and detained at Santa Rita Jail after police were called regarding a verbal argument between Decedent and a bus driver. First Am. Compl. ¶

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 12, 18, 26, 38.

1    14, ECF No. 10. After Decedent and his family were unable to afford the $2,500 bail set in the

2    case, he was forced to stay in Santa Rita Jail for over a month. *Id.* ¶ 15.

3        Prior to his incarceration, Decedent was regularly taking a number of prescribed

4    medications for high blood pressure, diabetes, and schizophrenia. *Id.* ¶ 16. Upon Decedent's

5    incarceration, his sister, Elvira Monk, contacted Santa Rita jail staff to inform them of his medical

6    needs. *Id.* ¶ 17. However, staff rejected her attempts to get her brother his medication. *Id.* On

7    November 15, 2021, Decedent was found unresponsive in his cell and was pronounced dead later

8    that night. *Id.* ¶ 20. According to Plaintiffs' complaint, Decedent died of heart and/or blood

9    pressure complications caused by jail staff's refusal to provide him any of prescribed medications.

10   *Id.* ¶ 21.

11       Plaintiffs filed this case on July 11, 2022, and filed the first amended complaint against

12   Alameda County and Wellpath Community Care on July 27, 2022. They allege six causes of

13   action: (1) Fourteenth Amendment – Deliberate Indifference under 42 U.S.C. § 1983; (2)

14   Fourteenth Amendment – Familial Loss under 42 U.S.C. § 1983; (3) a *Monell* claim under 42

15   U.S.C. § 1983; (4) violations of Title II of the Americans with Disabilities Act; (5) Negligence and

16   Wrongful Death; and (6) violations of the Bane Act, Cal. Civ. Code § 52.1.

17       Minor filed the present motion on January 17, 2023. According to the motion, Minor is a

18   15-year-old biological son of Decedent. Minor argues intervention is required to join him as

19   plaintiff because a legal conflict exists between him and Plaintiffs based upon the likelihood of a

20   dispute among them regarding the distribution of any damages awarded in this action.

21       **III.   LEGAL STANDARD**

22       Intervention is a procedure by which a nonparty can gain party status without the consent

23   of the original parties. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933

24   (2009) ("Intervention is the requisite method for a nonparty to become a party to a lawsuit.").

25   Rule 24 contemplates two types of intervention: intervention of right and permissive intervention.

26   *See* Fed. R. Civ. P. 24(a)-(b). Intervention exists as a matter of right when a federal statute confers

27   the right to intervene or the applicant has a legally protected interest that may be impaired by

28   disposition of the pending action and existing parties do not adequately represent that interest.

1   Fed. R. Civ. P. 24(a).

2           A court must permit an applicant to intervene as a matter of right when: "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (citation and internal quotation omitted). "Each of these four requirements must be satisfied to support a right to intervene. While Rule 24 traditionally receives liberal construction in favor of applicants for intervention, it is incumbent on the party seeking to intervene to show that all the requirements for intervention have been met." *Id.* (simplified). "Failure to satisfy any one of the requirements is fatal to the application," and the Court "need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

### IV.   DISCUSSION

**A.   Significant Protectable Interest**

        To determine if an applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action, the Court must consider whether (1) the asserted interest is protectable under some law and (2) whether a relationship exists between the legally protected interest and the claims at issue. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011). A would-be intervenor has a sufficient interest for intervention purposes if he demonstrates he "will suffer a practical impairment of [his] interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995)).

        Here, Minor has a significant interest in this lawsuit as the biological child of Decedent with a protectable interest in a wrongful death claim. A cause of action for wrongful death is a

statutory claim. Cal. Civ. Proc. Code §§ 377.60-.62. "Its purpose is to compensate specific persons—that is, heirs—for the loss of companionship and other losses suffered as a result of a decedent's death." *Estate of Hatfield v. Cty. of Lake*, 2012 WL 1949327, at *2 (N.D. Cal. May 29, 2012) (citing *Jackson v. Fitzgibbons*, 127 Cal. App. 4th 329, 335 (2005)). "The wrongful death cause of action is considered joint and indivisible because 'it is subject to the requirement that all heirs should join in the action and . . . damages awarded should be in a lump sum,' and because it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages." *Id.* (quoting *Helling v. Lew*, 28 Cal. App. 3d 434, 438 (1972)). "An heir who files a wrongful death action is required to properly join all known heirs in the action." *Id.* (citing *Cross v. Pacific Gas & Elec. Co.*, 60 Cal. 2d 690, 692-93 (1964); *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997)).

Minor states he is one of the heirs to Decedent's estate, and that Decedent is believed to have died without leaving a will. Mot. at 8. Under California law, Minor has a right to inherit a portion of the Decedent's estate and, therefore, has a substantial interest in Decedent's potential survival and/or wrongful claims. Thus, Minor has a protectable interest in the present case, and this factor weighs in favor of allowing him to join as a plaintiff in this action. *See Estate of Pryzsiecki ex rel. Pryzsiecki v. Eifert*, 2007 WL 4259177, at *2 (S.D. Cal. Dec. 4, 2007) (in wrongful death action, court granted motion to intervene where intervenor "has a significant protectable interest relating to the subject of the action because she may be legally entitled to a portion of any damages awarded.")

**B.      Effect on Proposed Intervenor's Ability to Protect His Interests**

In terms of whether disposition of the action without intervention would impair or impede Minor's ability to protect his interests, courts consider if "an absentee would be substantially affected in a practical sense by the determination made in an action." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes).

As noted above, the wrongful death cause of action requires all heirs to join in the action. Thus, if the Court did not permit Minor to join as a plaintiff, he would be precluded from bringing

4

a subsequent action for the recovery of his individual damages. *Estate of Hatfield*, 2012 WL 1949327, at *2; *Estate of Pryzsiecki*, 2007 WL 4259177, at *2 ("The Court further finds that the outcome of this suit may impair Hisaw's ability to protect her interest as an individual Plaintiff because she may be precluded from raising any issues or claims adjudicated in this action in a subsequent action."). Thus, the second factor for intervention also weighs in favor of granting the motion.

**C.    Timeliness**

In determining whether a motion to intervene is timely, courts weigh three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir 2004). "Timeliness is a flexible concept; its determination is left to the district court's discretion." *Id.* (citing *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981)). The Court must be lenient in applying the timeliness requirement where intervention is sought as a matter of right. *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention. *Id.*

**1.    Stage of the Proceedings**

Regarding the stage of the proceedings, the Court finds Minor's motion is timely. Plaintiffs filed their first amended complaint on July 27, 2022, and Alameda County and Wellpath Community Care filed their answers on September 9 and September 28, 2022, respectively. This lawsuit is still in its initial phase, with the Court's case management order, issued on November 21, 2022, setting a deadline for leave to amend pleadings in March 2023, fact discovery closing in October 2023, and a jury trial scheduled in July 2024 . ECF No. 32. Thus, the proceedings have not advanced to the point where intervention in inappropriate. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (upholding district court's timeliness finding in part because "[t]he intervention motion was filed at a very early stage, before any hearings or rulings on substantive matters."); *cf. League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (affirming denial of motion to intervene where there had been multiple

1 proceedings, including a preliminary injunction, appeal to the Ninth Circuit, and partial grant of
2 summary judgment).

### 2. Prejudice to the Other Parties

The issue of prejudice to the existing parties is the most important consideration in deciding whether a motion for intervention is untimely. *State of Oregon*, 745 F.2d at 552. "[C]ourts have emphasized the seriousness of the prejudice which results when relief from long-standing inequities is delayed." *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978). Intervention has been denied at pretrial stages when "a lot of water has passed under the litigation bridge." *Alisal Water Corp.*, 370 F.3d at 922 (simplified). In assessing this factor, courts consider "whether existing parties may be prejudiced by the delay in moving to intervene . . . 'not whether the intervention itself will cause the nature, duration or disposition of the lawsuit to change' (otherwise, intervention would never be allowed because it inevitably prolongs the litigation)." *Defs. of Wildlife v. Johanns*, 2005 WL 3260986, at *4 (N.D. Cal. Dec. 1, 2005) (citation omitted). "The court looks to factors such as loss of evidence, settlements made in expectation of no further claims, and the need to reopen matters previously resolved." *Id.*

Nothing in the record shows there would be prejudice to any of the existing parties. No party has raised an issue regarding loss of evidence, no evidence has been presented of a settlement agreement among any of the parties, and no substantive issues have been resolved during this litigation. *Cf. State of Oregon*, 913 F.2d at 588-89 (finding that intervention would prejudice all parties because it would challenge a complex and delicately balanced plan achieved after four years of negotiation); *League of United Latin Am. Citizens*, 131 F.3d at 1304 (prejudice to all parties existed where proposed intervenor waited 27 months before seeking to intervene and petitioned the court for full party status when litigation was beginning to wind down). Accordingly, the Court finds intervention would not result in prejudice to the parties in this case.

### 3. Reason and Length of Delay

Last, the Court considers Minor's reason and length of the delay in moving for intervention. "While the length of time that has passed since a suit was filed is not, in and of itself, determinative of timeliness, a party seeking to intervene must act as soon as he knows or has

reason to know that his interests might be adversely affected by the outcome of the litigation." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1120 (9th Cir. 2002) (internal citation, quotation, and alteration omitted). Thus, the party seeking intervention must provide a reason for its delay in seeking to enter into the case. *Alisal Water Corp.*, 370 F.3d at 923. The key date for assessing the timeliness of a motion to intervene is the date the applicant should have been aware that its interests would no longer be adequately represented by one of the existing parties. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Minor provides no reason why he waited until January 2023 to move to intervene in this case. At the same time, the timeliness inquiry must be determined from all of the circumstances. *See NAACP v. New York*, 413 U.S. 345, 366 (1973). "The Court may, in its discretion, decide whether the length of and reason for the delay, combined with the other timeliness factors, are reasonable." *Defs. of Wildlife*, 2005 WL 3260986, at *4. Furthermore, "[t]he mere passage of time, in itself, does not render an application untimely; rather, the important question concerns actual proceedings of substance on the merits." *Id.* (citing, among others, *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (finding motion timely where it had been filed "before the district court had made any substantive rulings.")). Thus, on balance, given the early stage of the proceedings and the lack of prejudice to all parties, the Court finds any delay in bringing this motion was not excessive.

For these reasons, the Court finds Minor's motion to intervene is timely.

**D.   Adequacy of Representation**

An applicant for intervention must demonstrate that representation of his interests by existing parties to the litigation "may be" inadequate. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995). The burden of showing inadequate representation is minimal, and doubts about adequacy of representation should be resolved in favor of the intervenor. *Id.*; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003). In making this determination, courts consider three factors: (1) "whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments"; (2) "whether the present party is capable and willing to make such arguments"; and (3) "whether a proposed intervenor

7

1   would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*,
2   324 F.3d at 1086. "When an applicant for intervention and an existing party have the same
3   ultimate objective, a presumption of adequacy of representation arises." *Id.*; *League of United*
4   *Latin Am. Citizens*, 131 F.3d at 1305. Thus, where "the applicant's interest is identical to that of
5   one of the present parties, a compelling showing should be required to demonstrate inadequate
6   representation." *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006) (citing *Arakaki*, 324 F.3d at
7   1086).

Here, representation of Minor's interests by the existing parties is inadequate because Plaintiff Monk, as an heir who filed a wrongful death action, was required to properly join all known heirs. *Estate of Hatfield*, 2012 WL 1949327, at *2. As Plaintiffs failed to do so in this case, Minor would be precluded from bringing a subsequent action. And, because damages awarded in a wrongful death action are in the nature of compensation for personal injury to the heirs, *McKinney v. Cal. Portland Cement Co.*, 96 Cal. App. 4th 1214, 1231-32 (2002), each heir "is entitled to recover damages for his own pecuniary loss, which may include (1) the loss of the decedent's financial support, services, training and advice, and (2) the pecuniary value of the decedent's society and companionship[.]" *Nelson v. Cty. of Los Angeles*, 113 Cal. App. 4th 783, 793 (2003). Thus, the existing parties may not adequately represent Minor's interests as an individual plaintiff "because h[is] interests may be adverse to those of individual Plaintiff [Nia' Amore Monk] with regard to the allocation of any award to which they are legally entitled." *Estate of Pryzsiecki*, 2007 WL 4259177, at *2.

## V.   CONCLUSION

Based on the analysis above, the Court **GRANTS** Kyse Monk's motion to intervene. Monk shall file his complaint in intervention as a separate docket entry by February 8, 2023.

**IT IS SO ORDERED.**

Dated: February 1, 2023

THOMAS S. HIXSON
United States Magistrate Judge

8