Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Temitayo O. Peters (SBN 309913)
E-mail: tpeters@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612-3520
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Defendant
COUNTY OF ALAMEDA (sued herein
as "ALAMEDA COUNTY")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF MAURICE MONK, brought by personal representative, NIA'AMORE MONK; NIA'AMORE MONK, an individual,<br><br>Plaintiffs,<br><br>KYSE MONK, a minor, through a guardian, KANDI STEWART,<br><br>Plaintiff Intervenor,<br><br>v.<br><br>ALAMEDA COUNTY, a municipal corporation; WELLPATH COMMUNITY CARE, LLC, a corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:22-cv-04037-TSH<br><br>**DEFENDANT COUNTY OF ALAMEDA'S ANSWER TO INTERVENOR'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

Defendant COUNTY OF ALAMEDA ("Defendant") answers Plaintiff Intervenor KYSE

MONK's Complaint in Intervention ("INTERVENOR") and alleges as follows:

**INTRODUCTION**

1. In response to Paragraph 1, Defendant admits that Mr. Maurice Monk

("Decedent") was arrested on October 11, 2021 for trespassing on AC Transit Property and for an

outstanding misdemeanor warrant for criminal threats after he was disruptive and refused to exit

1    an Alameda County Transit Bus.  Defendant further admits that Decedent was incarcerated in

2    Santa Rita Jail ("SRJ") after his arrest on October 11, 2021.  Defendant also admits that on

3    November 14, 2021, Mr. Monk's sister, Elvira Monk, sent jail staff a copy of a verification

4    indicating that Decedent had been started on injectable Haldol Decanoate 50 mg on October 6,

5    2021.  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a

6    belief as to the truth of the remaining allegations in Paragraph 1, and on that basis denies each and

7    every remaining allegation.

8           2.      In response to Paragraph 2, Defendant admits that jail staff found Decedent laying

9    unresponsive in his cell on November 15, 2021 and that he was forty-five years old when he died.

10   Defendant also admits that Decedent died in custody just over one month after he was booked

11   into SRJ for the final time on October 11, 2021.  Defendant admits that Decedent's sister, Elvira

12   Monk, provided jail staff with a medical record for Decedent on November 14, 2021 and that

13   another SRJ inmate also died on November 15, 2021.  Defendant denies that Decedent's death

14   was the "57th death to occur" at SRJ since 2014.  Except as admitted and denied herein,

15   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

16   remaining allegations in Paragraph 2, and on that basis denies each and every remaining

17   allegation.

## JURISDICTION AND VENUE

19          3.      In response to Paragraph 3, Defendant admits that this Court has jurisdiction over

20   this lawsuit and that INTERVENOR's claims are asserted under 42 U.S.C. § 1983 and various

21   provisions of the U.S. Constitution.  Except as admitted herein, Defendant denies each and every

22   remaining allegation.

## PARTIES

24          4.      In response to Paragraph 4, Defendant admits that Decedent was forty-five years

25   old when he died on November 15, 2021.  Except as admitted herein, Defendant lacks sufficient

26   knowledge or information to form a belief as to the truth of the remaining allegations in

27   Paragraph 4, and on that basis denies each and every remaining allegation.

28   / / /

5. In response to Paragraph 5, Defendant admits that Plaintiff INTERVENOR is seeking to assert wrongful death claims in this action through KANDI STEWART. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis denies each and every remaining allegation.

6. In response to Paragraph 6, Defendant admits that it is a California municipal entity. Defendant further admits that the Alameda County Sheriff's Office operates Santa Rita Jail ("SRJ"), which is located in Dublin, California. Except as admitted herein, Defendant asserts that the remaining allegations in Paragraph 6 are legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010).

7. In response to Paragraph 7, Defendant admits that co-defendant WELLPATH is SRJ's designated Health Authority under California Code of Regulations, Title 15, Article 11 and that it is contractually responsible to develop and implement policies, practices, procedures, and trainings for medical care of SRJ's inmates. Defendant denies that WELLPATH is responsible for psychiatric care other than the administration of medication and certain screenings at intake. Except as specifically admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis denies each and every remaining allegation.

8. In response to Paragraph 8, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

9. In response to Paragraph 9, Defendant denies each and every allegation.

## ORIGINAL LAWSUIT

10. In response to Paragraph 10, Defendant admits that that Plaintiff NIA'AMORE MONK is asserting various state and federal claims in this action arising out of Decedent's in-custody death at SRJ. Except as admitted herein, Defendant asserts that the remaining allegations in Paragraph 10 are legal conclusions to which no response is required. *Barnes, supra,* 718 F.Supp.2d at 1175.

1      11.    In response to Paragraph 11, Defendant admits that Plaintiff MONK filed a government tort claim with Defendant on February 9, 2022 and that said claim was denied by operation of law.  Defendant affirmatively denies that Plaintiffs ESTATE and INTERVENOR filed a government tort claim with Defendant before filing this lawsuit.

**INTERVENOR'S CLAIM**

12.    In response to Paragraph 12, Defendant admits that Plaintiff INTERVENOR is seeking to assert wrongful death claims in this action through KANDI STEWART.  Except as admitted herein, Defendant asserts that the remaining allegations in Paragraph 12 are legal conclusions to which no response is required.  *Barnes, supra,* 718 F.Supp.2d at 1175.

**FACTUAL ALLEGATIONS**

13.    In response to Paragraph 13, Defendant admits that Decedent was arrested on October 11, 2021 for trespassing on AC Transit Property and for an outstanding bench warrant for criminal threats after he argued with an AC Transit Bus Driver and refused to exit the bus as requested.  Defendant also admits that Decedent was arrested and transferred to SRJ after his altercation with the AC Transit Bus Driver.  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13, and on that basis denies each and every remaining allegation.

14.    In response to Paragraph 14, Defendant denies that Decedent's bail was set for $2,500.  Defendant also admits that Decedent was housed at SRJ for over a month before his death on November 15, 2021.  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis denies each and every remaining allegation.

15.    In response to Paragraph 15, Defendant admits that Decedent's medical records indicate prior, pre-incarceration prescriptions for high blood pressure, diabetes, and mental disorders.  Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis denies each and every remaining allegation.

///

16. In response to Paragraph 16, Defendant admits that on November 14, 2021, Decedent's sister, Elvira Monk, sent jail staff a copy of a verification indicating that Decedent had started on injectable Haldol Decanoate 50 mg on October 6, 2021. Defendant denies that Ms. Monk made any further efforts to contact jail staff any other time during Decedent's final incarceration. Except as admitted or denied herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis denies each and every remaining allegation.

17. In response to Paragraph 17, Defendant admits that Decedent had been diagnosed with schizophrenia. Defendant further admits that on November 14, 2021, Decedent's sister, Elvira Monk, sent jail staff a copy of a verification indicating that Decedent had started on injectable Haldol Decanoate 50 mg on October 6, 2021. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that basis denies each and every remaining allegation.

18. In response to Paragraph 18, Defendant admits that Decedent's in-custody medical records indicate prior, pre-incarceration prescriptions for high blood pressure, diabetes, and mental disorders. Defendant further admits that Decedent was classified as Administrative Separation during his final incarceration at SRJ and housed in a single-person cell. Defendant denies that Decedent was housed in solitary confinement during his final incarceration at SRJ. Defendant also denies that Decedent was not provided any of his prescribed medications during his final incarceration. Except as admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis denies each and every remaining allegation.

19. In response to Paragraph 19, Defendant admits that Decedent was found unresponsive in his cell on November 15, 2021 at around 7:35 p.m. approximately 35 days after he was incarcerated at SRJ. Defendant further admits that SRJ custody and medical personnel provided life-saving measures to Decedent on November 15, 2021. Defendant further admits that Decedent was pronounced dead after the paramedics arrived at around 8:12 p.m. Except as admitted herein, Defendant denies each and every remaining allegation.

1    20. In response to Paragraph 20, Defendant admits that Decedent's forensic autopsy report indicates that the cause of his death was hypertensive cardiovascular disease. Except as admitted herein, Defendant denies each and every remaining allegation.

21. In response to Paragraph 21, Defendant denies each and every allegation.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Fourteenth Amendment – Familial Loss under 42 U.S.C. Section 1983)**

(*Against All Defendants*)

22. In response to Paragraph 22, Defendant re-alleges and incorporates by reference herein all responses previously asserted above.

23. In response to Paragraph 23, Defendant denies each and every allegation.

24. In response to Paragraph 24, Defendant denies each and every allegation.

25. In response to Paragraph 25, Defendant denies each and every allegation.

26. In response to Paragraph 26, Defendant denies each and every allegation.

27. In response to Paragraph 27, Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION

**(Negligence & Wrongful Death)**

(*Against All Defendants*)

28. In response to Paragraph 28, Defendant re-alleges and incorporates by reference herein all responses previously asserted above.

29. In response to Paragraph 29, Defendant denies each and every allegation.

30. In response to Paragraph 30, Defendant denies each and every allegation.

31. In response to Paragraph 31, including subparagraphs (a)-(c), Defendant denies each and every allegation.

32. In response to Paragraph 32, Defendant denies each and every allegation.

33. In response to Paragraph 33, Defendant denies each and every allegation.

34. In response to Paragraph 34, Defendant denies each and every allegation.

35. In response to Paragraph 35, Defendant denies each and every allegation.

36. In response to Paragraph 36, Defendant denies each and every allegation.

## THIRD CAUSE OF ACTION

(Violation of the Bane Act (Cal. Civ. Code § 52.1)

(*Against All Defendants*)

37. In response to Paragraph 37, Defendant re-alleges and incorporates by reference herein all responses previously asserted above.

38. In response to Paragraph 38, Defendant denies each and every allegation.

39. In response to Paragraph 39, Defendant denies each and every allegation.

40. In response to Paragraph 40, Defendant denies each and every allegation.

41. In response to Paragraph 41, including subparagraphs (a)-(e), Defendant denies each and every allegation.

42. In response to Paragraph 42, Defendant denies each and every allegation.

## DEMAND FOR JURY TRIAL

43. In response to paragraph 43, Defendant hereby demands a jury trial.

## PRAYER FOR RELIEF

Defendant denies that INTERVENOR is entitled to any of the relief for which he prays, and Defendant accordingly denies all the allegations contained in INTERVENOR's Prayer for Relief.

Except as specifically admitted herein, Defendant denies each and every allegation in INTERVENOR's Complaint. Defendant reserves the right to amend this Answer and assert additional defenses based on further investigation and discovery.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses with respect to the claims alleged in INTERVENOR's Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiff. Defendant also hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves any right to amend this answer and to assert all such defenses.

///

**FIRST AFFIRMATIVE DEFENSE**

INTERVENOR's claims, and each of them, as set forth in the Complaint, are barred because INTERVENOR has failed to state any claim upon which relief can be granted in that negligence in diagnosing or treating a medical condition does not state a valid claim for a federal civil rights violation. *Parratt v. Taylor*, 451 U.S. 527 (1981).

**SECOND AFFIRMATIVE DEFENSE**

INTERVENOR's claims, and each of them, as set forth in the Complaint, are barred or limited by the applicable statutes of limitations under either federal or California law.

**THIRD AFFIRMATIVE DEFENSE**

Defendant is not liable to INTERVENOR, in whole or in part, because the losses or harm that INTERVENOR has allegedly suffered were not caused by any act or omission of Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

INTERVENOR failed to give notice to Defendant in connection with the filing of certain of the claims that require notice.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant at all times acted in good faith and with reasonable grounds for believing that they had not violated federal or California law.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action thereof, is barred because INTERVENOR failed to notify Defendant of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendant from taking any action to remedy such alleged violations.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Defendant upon which attorneys' fees or costs can be awarded.

**NINTH AFFIRMATIVE DEFENSE**

Defendant does not have supervisory liability or vicarious liability for any act or omission alleged in INTERVENOR's Complaint.

/ / /

**TENTH AFFIRMATIVE DEFENSE**

This Complaint is barred by the relevant portions of the California Government Code, including, but not limited to, sections 815, 815.2, 818.2, 820.2, 820.4, 820.6, 820.8, 821, 844.6, 845.6, 855.6, 855.8, 856, and 856.4.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant did not deprive INTERVENOR of any right, privilege or immunity guaranteed by the Constitution, the laws of the United States, and the laws of California.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Complaint fails to state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Department of Social Services in the City of New York*, 436 U.S. 658 (1978).  There can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy.  *Id.*

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that at all relevant times, Defendant and their agents or employees acted within the scope of their discretion, with due care and good faith fulfillment of their responsibilities in accordance with applicable Court orders, statutes, rules, regulations, and established and lawful policies and procedures, within the bounds of reason under all circumstances known to them, and with the good faith belief that their actions comported with all applicable federal and state laws, and they are therefore immune from liability.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that INTERVENOR did not state a claim for deliberate indifference to a serious medical or mental health need because a difference in opinion as to the need to pursue one course of treatment over another is insufficient as a matter of law to establish deliberate indifference, and INTERVENOR cannot show that the course of treatment chosen was medically unacceptable under the circumstances.  *Jackson v. McIntosh*, 90 F.3d 330 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that it is not responsible for the alleged acts or omissions of its

1  employees under a respondeat superior theory of liability. *Bd. of Cty. Comm'rs v. Brown,* 520

2  U.S. 397, 403 (1997).

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that INTERVENOR has failed to plead that each Government-official defendant has violated the Constitution through his or her own conduct, and they therefore may not be held liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that INTERVENOR's claims, and each of them, are barred in whole or in part by the doctrine of qualified immunity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the acts and conduct of Defendant, who were at all times herein government officials or government entities performing discretionary functions, did not violate clearly established statutory or constitutional rights of INTERVENOR of which a reasonable person would have known.  Furthermore, Defendant reasonably believed in good faith that its acts and conduct were constitutional. *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981).

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial before a jury on all issues presented by INTERVENOR'S Complaint for Damages triable to a jury.

/ / /
/ / /
/ / /
/ / /
/ / /
/ /. /
/ / /
/ / /

WHEREFORE, Defendant prays as follows:

1. That INTERVENOR take nothing by way of his Complaint for Damages and that judgment be rendered in Defendant's favor;

2. That Defendant be awarded its costs of suit incurred in defense of this action;

3. That Defendant be awarded its attorney's fees and litigation expenses incurred in defense of this action; and

4. For such other relief as the Court deems proper.

Dated:  February 24, 2023                                    BURKE, WILLIAMS & SORENSEN, LLP


By: */s/ Temitayo O. Peters*
   Gregory B. Thomas
   Temitayo O. Peters
   Attorneys for Defendant
   COUNTY OF ALAMEDA (sued herein as "ALAMEDA COUNTY")