UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MAURICE MONK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMEDA COUNTY, et al.,<br><br>Defendants. | Case No. 22-cv-04037-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 60 |

Pending before the Court is Plaintiffs' motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 60. Defendant County of Alameda filed a response stating it agrees that Plaintiffs have the right to amend their complaint, but it opposes any attempt by Plaintiffs to attach body-worn camera footage. ECF No. 65. In response, Plaintiffs filed a reply stating the parties "have discussed the issue of confidential designations related to the Proposed Second Amended Complaint and the body-worn camera videos . . . . Defendant County has no objection to the Court granting leave to Plaintiffs to file their unredacted Proposed Second Amended Leave by October 15, 2023." ECF No. 66. Plaintiffs also state the County "will confer with WellPath regarding the sections of the body-worn camera videos and whether there is a basis to blur jail staff faces, come to a decision and produce the sections of videos with blurred faces by October 5, 2023 to Plaintiffs without designations." *Id.*

The Court finds Plaintiffs should be granted leave to amend, with the exception of their proposal to attach videos as exhibits to the Second Amended Complaint ("SAC"). The language of Federal Rule of Civil Procedure 10 suggests that a pleading is a written document. Rule 10(c) states that a "written instrument" may be an exhibit to a pleading. Plaintiffs present no argument that something that is not a written instrument, such as a video or a thumb drive containing videos, may be an exhibit to a pleading.

The Court realizes that Plaintiffs may want to attach the videos as exhibits to the SAC not so much because they are a necessary part of the pleading, but instead as a vehicle for making them public. But the proper way to turn confidential evidence into material that may be publicly distributed is to challenge the confidentiality of the items under the protective order (ECF No. 27). The Court also understands that Plaintiffs have done that and that the County and WellPath intend to produce videos with blurred faces to Plaintiffs by October 5 without confidentiality designations.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for leave to amend. The Court **DENIES** Plaintiffs' motion as to the body camera video evidence referenced in paragraph 139 of the proposed amended complaint:

> The portions of the body camera video evidence themselves have been attached and lodged to the Court as Exhibit 2:
>
> 1. COUNTY 10 @ 3:02 - 3:24
> 2. COUNTY 12 @ 8:48 - 9:14
> 3. COUNTY 15 @ 7:51 - 8:03
> 4. COUNTY 3314 @ 1:50-11:40
> 5. COUNTY 3320 @ 4:30-6:30
> 6. COUNTY 3328 @ 5:40-6:10
> 7. COUNTY 3356 @ 3:30-8:30
> 8. COUNTY 3364 @ 6:10-6:24
> 9. COUNTY 3369 @ 5:02 - 5:48
> 10. COUNTY 3373 @ 5:18 - 5:50
> 11. COUNTY 3375 @ 00:31-02:28
> 12. COUNTY 3376 @ 4:50 - 5:50
> 13. COUNTY 3382 @ 3:02 - 3:24

The Court otherwise **GRANTS** Plaintiffs' motion. Plaintiffs shall file the second amended complaint as a separate docket entry by October 15, 2023.

**IT IS SO ORDERED.**

Dated: September 25, 2023

THOMAS S. HIXSON
United States Magistrate Judge