Jerome Anthony Clay, Jr., Esq. (SBN: 327175)
LAW OFFICES OF JEROME A. CLAY
5250 Claremont Avenue, Suite 221
Stockton, CA 95207
Tel.: (209) 603-9852
Fax: (510) 280-2841
jclay7@claylaw.net

Attorney for Plaintiff Intervenor
KYSE MONK through KANDI STEWART

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF MAURICE MONK, brought by a personal representative, NIA'AMORE MONK; NIA'AMORE MONK, an individual,<br><br>    *Plaintiffs,*<br><br>KYSE MONK, a minor, through a guardian, KANDI STEWART,<br><br>    *Plaintiff Intervenor,*<br><br>    vs.<br><br>ALAMEDA COUNTY, a municipal corporation; WELLPATH COMMUNITY CARE, LLC, a corporation; and DOES 1-50, Inclusive,<br><br>    *Defendants.* | Case No.: 3:22-cv-04037-TSH<br><br>**Notice of Petition and Petition for Approval of Minor KYSE MONK's Proposed Settlement; and Memorandum of Points and Authorities**<br><br>*Declaration of Jerome A. Clay, Jr. and [Proposed] Order Submitted Concurrently* |

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 16, 2023, at 10 a.m., as the matter may be heard, before Magistrate Judge Thomas S. Hixson, San Francisco Courthouse, Courtroom E – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Intervenor KYSE MONK (hereinafter referred to as "KYSE" or "Plaintiff Intervenor"), a minor, through his guardian, KANDI STEWART (hereinafter referred to as "Petitioner" or "Guardian"), will and hereby Petition this Court to approve the Proposed Settlement.

Pursuant to this Petition, the Plaintiff Intervenor's Guardian seeks to obtain this Court's approval of the Proposed Settlement on behalf of the minor Plaintiff Intervenor. Before filing this Petition, the parties conferred and corresponded regarding its contents.

This Petition is based on this Notice of Petition, Memorandum of Points and Authorities, the Proposed Settlement, the Declaration of Jerome A. Clay, Jr., and the records and files of this Court.

The Guardian for minor KYSE hereby submits this Memorandum and Proposed Order for approval of the minor KYSE's Proposed Settlement for this matter and requests the Court to approve the Proposed distribution of the Settlement funds belonging to minor KYSE without oral argument.

October 25, 2023                                        Respectfully submitted,

**LAW OFFICES OF JEROME A. CLAY**

  _/s/_
JEROME A. CLAY, JR., ESQ.
*Attorney for Plaintiff Intervenor*
KYSE MONK through KANDI STEWART

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Intervenor, KYSE MONK (hereinafter referred to as "KYSE" or "Plaintiff Intervenor"), through his guardian, KANDI STEWART (hereinafter referred to as "Petitioner" or "Guardian"), hereby submits this Memorandum of Points and Authorities in Support of his Petition for Approval of Minor KYSE's Settlement, and respectfully shows unto the Court as follows:

## I
## INTRODUCTION AND PROCEDURAL BACKGROUND

This lawsuit arises from the wrongful death of MAURICE MONK (hereinafter referred to as "Mr. Monk" or "Decedent"), who was brought to Alameda County's (hereinafter referred to as "Defendant COUNTY") Santa Rita Jail on October 11, 2021, after having a verbal disagreement for not wearing a mask on a bus and missing a court appearance for a minor, non-violent misdemeanor.[1] Despite the Decedent's sister's efforts to alert Jail staff that he was under a doctor's care and taking a number of prescribed medications, the Jail's staff failed to provide the medications to him. Foreseeably, his health quickly deteriorated, and the staff's failure ultimately robbed Mr. Monk of his life and Plaintiff Intervenor KYSE of his loving father. KYSE is a 16-year-old male and a natural surviving child of the Decedent. The Guardian is the natural mother of the minor KYSE.

In January 2023, Plaintiff Intervenor, through his Guardian, filed a Motion to Intervene (hereinafter referred to as "Intervene Motion") and requested an order allowing him to intervene to join as Plaintiff in this lawsuit.

In February 2023, Plaintiff Intervenor, through his Guardian, filed a Complaint (hereinafter referred to as "Complaint") against Defendants, Defendant COUNTY, and Defendant WELLPATH COMMUNITY CARE, LLC (hereinafter referred to as "Defendant WELLPATH") (hereinafter collectively referred to as "Defendants").

---

[1] While the Alameda County Defendants do not oppose this Petition, they do not adopt Plaintiff's version of facts.

In April 2023, Plaintiff Intervenor, through his Guardian, Responded to Defendant COUNTY's discovery requests (hereinafter referred to as "Responses to Discovery Requests").

In August 2023, Plaintiff Intervenor, through his Guardian, filed his Settlement Conference Statement (hereinafter referred to as "Settlement Conference Statement") in connection with the Mandatory Settlement Conference (hereinafter referred to as "Settlement Conference") scheduled for August 15, 2023.

On August 15, 2023, the parties attended the Settlement Conference before Magistrate Judge Nathaneal Cousins. After the Settlement Conference, the Plaintiffs and Defendant COUNTY continued settlement discussions and reached a settlement including all individually named Alameda County employees (hereinafter referred to as "Alameda County Defendants") in the Plaintiffs' Second Amended Complaint. Plaintiffs and Defendant COUNTY, including Alameda County Defendants, have agreed to settle all damage claims between them related to the death of the Decedent in the total amount of $7,000,000.00. The $7,000,000.00 gross settlement sum is being paid on behalf of Defendant COUNTY and Alameda County Defendants for a full and final settlement as to claims against them. Out of $7,000,000.00, the minor KYSE's portion of the settlement amount is $3,500,000.00 to resolve this case. Pursuant to the terms of the settlement, the Proposed Settlement was prepared for the benefit of minor KYSE.

Now, pursuant to Federal Rule of Civil Procedure 17(c), Plaintiff Intervenor, through his Guardian, requests this Court that this Petition for Approval of minor KYSE's Proposed Settlement be approved.

## II
## COURT'S SPECIAL DUTY TO SAFEGUARD MINOR KYSE'S INTEREST

Federal Rule of Civil Procedure 17(c) prescribes a special duty for courts "to safeguard the rights of litigants who are minors." (*Robidoux v. Rosengren* (9th Cir. 2011) 638 F.3d 1177.) Approving a

LAW OFFICES OF JEROME A. CLAY

settlement agreement involving a minor litigant "requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." (*Dacanay v. Mendoza* (9th Cir. 1978) 573 F.2d 1075.)  While the Court must evaluate the settlement, the inquiry should be limited to whether "the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." (*Robidoux v. Rosengren*, supra at 1182.)  "Where minors' claims arise under both federal and state law and the settlement is not claim-specific" the Court should review "the reasonableness of the settlement" as a whole. (*Nephew v. Santa Rosa Mem'l Hosp*. (N.D.Cal. Oct. 13, 2015, No. 15-cv-01684-JSC) 2015 U.S.Dist.LEXIS 139361.)  In the present matter, as the Plaintiff Intervenor is a minor, this Court has a special duty to safeguard the Plaintiff Intervenor's interest.

## III
## SETTLEMENT DETAILS

Plaintiffs and the Alameda County Defendants have agreed to settle all damage claims between them related to the death of the Decedent in the total amount of $7,000,000.00.  The $7,000,000.00 gross settlement sum is being paid by Defendant COUNTY via its coverage pool(s) for a full and final settlement as to claims against the Alameda County Defendants only.  The settlement agreement does not address the Plaintiffs' claims against Defendant WELLPATH.  Out of $7,000,000.00, the minor KYSE's portion of the settlement amount is $3,500,000.00.

| | |
|---|---|
| Total Settlement Claim: | $ 3,500,000.00 |
| Attorney's Fee (25% of $3,500,000.00): | $    875,000.00 |
| Balance to minor KYSE (after the deduction of attorney's fees and costs): | $ 2,625,000.00 |

The sum of **$2,625,000.00** for minor KYSE will be deposited into **Blocked Accounts,** FDIC insured and which will be disbursed in stages when the minor KYSE reaches the age of eighteen, as

LAW OFFICES OF JEROME A. CLAY

follows:

| | |
|---|---|
| VALLEY STRONG CREDIT UNION<br>2405 S. Airport Way<br>Stockton, CA 95206 | $175,000.00 |
| Premier Community Credit Union<br>dba SELF-HELP CREDIT UNION<br>3255 W. Benjamin Holt Dr.<br>Stockton, CA 95219 | $245,000.00 |
| PNC BANK<br>202 N Hunter St.<br>Stockton, CA 95202 | $245,000.00 |
| WELLS FARGO BANK<br>303 N El Dorado St.<br>Stockton, CA 95202 | $245,000.00 |
| BANK OF AMERICA<br>407 N Wilson Way<br>Stockton, CA 95205 | $245,000.00 |
| CHASE BANK<br>510 N El Dorado St.<br>Stockton, CA 95202 | $245,000.00 |
| US BANK<br>36 South Eldorado St.<br>Stockton, CA 95202 | $245,000.00 |
| BANK OF STOCKTON<br>301 East Miner Ave.<br>Stockton, CA 95202 | $245,000.00 |
| GOLDEN 1 CREDIT UNION<br>5302 Pacific Ave.<br>Stockton, CA 95207 | $245,000.00 |
| BANK OF THE WEST dba BMO<br>570 N Wilson Way<br>Stockton, CA 95205 | $245,000.00 |

| | |
|---|---:|
| Mechanics Bank | $245,000.00 |
| 501 West Kettleman Lane | |
| Lodi, CA 95240 | |

## IV
## PROPOSED SETTLEMENT SERVES MINOR KYSE'S BEST INTEREST

Under either California law or federal law, a settlement is proper and warranted when it is fair, reasonable, and in the best interests of a minor. The proposed settlement for minor KYSE's claims is fair, reasonable, and in his best interest.

Here, the parties have agreed to settle certain damage claims related to the death of the Decedent in the total amount of $7,000,000.00. The minor KYSE's portion of the settlement amount is $3,500,000.00. For this lawsuit, attorney Jerome Anthony Clay, Jr. (hereinafter referred to as "Attorney") represented the Plaintiff Intervenor and prepared several documents. The Petitioner and the Attorney do have a fee agreement (hereinafter referred to as "Fee Agreement") for services in connection with this lawsuit. It is a standard contingency Fee Agreement. According to the Fee Agreement, Petitioner agreed to pay 25% of the settlement claim as an attorney fee and costs. A copy of the Fee Agreement is attached hereto as **Exhibit "A"** and is fully incorporated herein by reference. Therefore, the Attorney would receive a net payment of $875,000.00 (25% of $3,500,000.00). The minor KYSE would receive a net payment of $2,625,000.00 after paying the attorney's fees and costs.

After the Settlement Conference, the Proposed Settlement was prepared for the benefit of minor KYSE. According to the Proposed Settlement, the sum of $2,625,000.00 will be deposited into 11 distinct Blocked Accounts for the benefit of minor KYSE. Petitioner believes that the method of disbursement of the Proposed Settlement is fair, reasonable, and within the bounds of applicable law. Under California Probate Code section 3600 *et seq.*, various alternatives are available for holding the funds of a settlement of a minor or incompetent; one such alternative is a blocked account.

The California Probate Code section 3602(c)(1) provides that upon petition by the

guardian/guardian ad litem on behalf of the minor child or incompetent, the funds may be deposited in an insured account or a deferred annuity subject to withdrawal only upon court order. The Proposed Settlement comports with this provision by providing that the balance of the Proposed Settlement be placed in a blocked account, which will be disbursed in stages when the minor KYSE reaches the age of eighteen. Thus, the Proposed Settlement is in the minor KYSE's best interest.

## V
## THE ATTORNEY'S FEE IS FAIR AND REASONABLE

Attorneys' fees and costs are typically controlled by statute, local rules, or local customs. Generally, fees in minors' claims have historically been limited to 25% of the gross recovery.

"Under California law, a court must approve the amount paid out of the settlement for attorneys fees and costs for claims brought by minors." (*Schwall v. Meadow Wood Apts.* (E.D.Cal. Feb. 26, 2008) 2008 U.S.Dist.LEXIS 18819, at *3.). "In the Ninth Circuit, the benchmark percentage for an attorney fee award is 25% of the total settlement value, including both monetary and non-monetary recovery. See Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990)." (*Kumar v. Salov N. Am. Corp.* (N.D.Cal. July 7, 2017, No. 14-CV-2411-YGR) 2017 U.S.Dist.LEXIS 105463, at *24.). The "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award." (*McLeod v. Bank of Am., N.A.* (N.D.Cal. Nov. 14, 2018, No. 16-cv-03294-EMC) 2018 U.S.Dist.LEXIS 195314, at *22.)

In this case, attorney Jerome Anthony Clay, Jr. (hereinafter referred to as "Attorney") represented the Plaintiff Intervenor and prepared several documents such as the Motion to Intervene, Complaint, amended complaints, Responses to Discovery Requests, Settlement Conference Statement, and this Petition. To date, the Attorney has not received any attorney's fees or other compensation for services provided in connection with this lawsuit. The Petitioner and the Attorney have the Fee Agreement for services in connection with this lawsuit. It is a standard contingency Fee Agreement. According to the

1. Fee Agreement, Petitioner agreed to pay 25% of the settlement claim as an attorney fee and costs. See Exhibit "A". Here, the parties have agreed to settle all damage claims related to the death of the Decedent in the total amount of $7,000,000.00. The minor KYSE's portion of the settlement amount is $3,500,000.00. According to the Fee Agreement, the Attorney would receive a net payment of $875,000.00 (25% of $3,500,000.00). A copy of the Settlement Proposal for Attorney's Fee is attached hereto as **Exhibit "B"** and is fully incorporated herein by reference. The minor KYSE would receive a net payment of $2,625,000.00 after the deduction of attorney's fees and costs.

The requested attorney's fees and costs are reasonable and appropriate given the standard contingency Fee Agreement. The Attorney has requested 25% of the settlement amount as fees, which aligns with the benchmark percentage set by the Ninth Circuit. Therefore, this Court should approve the disbursement of $875,000.00 for attorney's fees and costs.

## V
## CONCLUSION AND PRAYER

This Court has a special duty to safeguard the minor KYSE's interest. The Proposed Settlement is in the minor KYSE's best interest. Additionally, the requested attorney's fees and costs are fair and reasonable, which aligns with the benchmark percentage set by the Ninth Circuit.

Hence, through his Guardian, Plaintiff Intervenor KYSE earnestly requests this Court to approve his Petition for Approval of the Proposed Settlement and further seeks permission to deposit $2,625,000.00 into 11 distinct Blocked Accounts designated for minor KYSE. Concurrently, Plaintiff Intervenor KYSE, through his Guardian, respectfully requests this Court to approve the disbursement of $875,000.00 towards attorney's fees and costs.

1 | October 25, 2023

Respectfully submitted,

**LAW OFFICES OF JEROME A. CLAY**

/s/
_____
JEROME A. CLAY, JR., ESQ.
*Attorney for Plaintiff Intervenor*
KYSE MONK through KANDI STEWART

# PROOF OF SERVICE

This is to certify that on October 25, 2023, I caused a true and correct copy of the foregoing document(s), entitled:

**Notice of Petition and Petition for Approval of Minor KYSE MONK's Proposed Settlement; and Memorandum of Points and Authorities**

to be served upon the following via the eFiling system, to wit:

ADANTE POINTER, ESQ.
PATRICK MATTHEW BUELNA, ESQ.
TY CLARKE, ESQ.
Pointer & Buelna, LLP
Lawyers for the People
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: (510) 929-5400
apointer@lawyersftp.com
pbuelna@lawyersftp.com
tclarke@lawyersftp.com
*Attorneys for Plaintiffs*
ESTATE OF MAURICE MONK & NIA'AMORE MONK

GEORGE B. THOMAS, ESQ.
TEMITAYO O. PETERS, ESQ.
Burke Williams & Sorensen LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612-3520
Tel: (510) 273-8780
gthomas@bwslaw.com
tpeters@bwslaw.com
*Attorneys for Defendant*
ALAMEDA COUNTY

PAUL ANTHONY CARDINALE, ESQ.
Medical Defense Law Group
3800-Watt Avenue, Suite 245
Sacramento, CA 9521
Tel: (510) 244-9116
paul.cardinale@med-defenselaw.com
*Attorney for Defendant*
WELLPATH COMMUNITY CARE, LLC

At the time of service, I was at least 18 years of age.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*[signature]*

OMAR KABILJAGIC
5250 Claremont Avenue, Suite 221
Stockton, CA 95207
(209) 603-9852
omark@claylaw.net