**Exhibit "A"**
(Fee Agreement)

**LAW OFFICES OF JEROME A. CLAY**
5250 Claremont Avenue, Suite 221
Stockton, California 95207
Telephone:   (209) 603-9852
Facsimile:    (510) 280-2841
E-mail:       Jclay7@claylaw.net
January 4, 2023

**ATTORNEY/CLIENT LITIGATION FEE RETAINER AGREEMENT**

      This document, agreement or retainer agreement (hereinafter "Agreement") is the written fee contract that California law requires lawyers to have with their clients. Pursuant to the terms and conditions of this agreement, LAW OFFICES OF JEROME A. CLAY ("Attorney") will provide legal services to you, the client ("Client"), as specifically referenced below, pursuant to the terms and conditions set forth herein. This agreement, including all attachments, is confidential and is legally privileged. Ev.C. §952, et seq.; CCP §2018.010, et seq.; see also Mitchell v. Sup.Ct. (Shell Oil Co.)(1984) 37 C3d 591, 601.

      Please note that this agreement is required by California Business and Professions Code section 6147 and is intended to fulfill the requirements of that section. It is modeled after the agreement(s) prepare by the California State Bar and as approved by the Board of Governors June 20, 1987; amended effective November 22, 1996; May 15, 2001; June 23, 2005; March 8, 2010.

1. **CONDITIONS**: This agreement will not take effect, and we will have no obligation to provide legal services, until the original fully signed and dated agreement is delivered to us together with payment of the initial retainer deposit, if any, as indicated below.

2. **SCOPE OF SERVICES:** You are retaining us as your attorneys to represent you in the following matter (to be completed by lawyer):

_____
(Kandi Stewart  - Guardian Ad Litem for  Kyse Monk- Civil Rights )

We will provide those legal services reasonably required to represent you. We will take reasonable steps to keep you informed of the progress of the matter, and to reasonably respond to your inquiries. If a court action is filed, and subject to the terms and conditions set forth herein, we will represent you until a settlement or judgment is reached. Furthermore, we may associate with other attorneys and/or delegate to other attorneys or third-party services some or all of the attorney services to be provided to client. Any such delegation will not increase or otherwise affect client's obligation to pay attorney fees as provided for in this agreement. Legal services that are excluded under this agreement include, but are not limited to, the following: after judgment we will not represent Client on Appeal, or in the execution proceedings (i.e., to collect any debts owed to Client as a consequence of this case). Further, this retainer agreement does not cover any bankruptcy
matters or bankruptcy proceedings, such as if a party to this litigation files for bankruptcy. Therefore, in the event Client further desire Attorney to represent Client on Appeal, in execution proceedings, or with respect to any bankruptcy matter or bankruptcy proceeding, these matters must be negotiated separately between Attorney and Client.  In the event Attorney chooses to represent Client on appeal and a separate agreement is not reached for such services, however, then in that event only Client agree to pay Attorney the sum of $450.00 per hour for said Appeal.  Otherwise, and unless Attorney and you make a different agreement, this A Attorney will govern all future services Attorney may perform for Client, and is limited to above-stated matters only (i.e., excludes appeals, executions, debt-collections, and bankruptcies).

3. **CLIENT'S DUTIES:** You agree to be truthful with us, to cooperate, to keep us informed of developments, to abide by

this agreement, to pay our bills for costs (if any) on time, and to keep us informed of your current address, telephone number and whereabouts. You agree to appear, if we so request, for all meetings and hearings including but not limited to all depositions and court appearances, and to generally cooperate fully with us in all matters related to the preparation and presentation of your claim. You understand that your failure to comply with any of the terms and conditions of this agreement may be detrimental to the outcome of your case and grounds for Attorney to unilaterally cancel this agreement without notice to you.

4. **DEPOSIT:** Attorney's fees are not set by law and are negotiable between Attorney and client(s). Client agrees to pay Attorney an initial deposit of $ _____, and $_____ per month due and payable on the 1st of each of the same thereafter until a satisfactory disposition of case. In the event there is an award of attorney fees said fees shall that of the Attorney. In the event there is an award against the other party (opposing party) herein the Attorney shall charge a contingency fee of 33% of the net collected amount. Client(s) understand that Attorney regular hourly billing rate is as follows: Attorney Jerome Anthony Clay, Jr.: $450.00, Law Clerk: $150.00. Clerical Personnel: $40.00.

5. **LEGAL FEES, COSTS, AND BILLING PRACTICES:** Client(s) agree to pay:
    1. Attorney's fees are not set by law and are negotiable between Attorney and Client. Client agrees that Attorney shall receive as compensation for such professional services
        1. 25.0% -of any recovery made after filing suit.
        2. No Fee - if there is no recovery.
    2. Client further agrees that any lien claimed by any prior Attorney will be paid by Client out of Client's share of the recovery, not from Attorney share of the recovery. Client acknowledges that this is a material term to this agreement.

6. **COSTS, LITIGATION, EXPERT FEES, AND EXPENSES:** Costs and expenses are defined and include, but are not limited to, the following: All costs, expenses, disbursements and litigation expenses associated with this matter, including court filing fees, service of process charges, photocopy services, notary fees, computer-assisted legal research, long distance telephone charges, messenger and delivery fees, postage, in-office photocopying, facsimile charges, deposition costs, parking, mileage, investigation expenses, consultants' fees, expert witness related fees and expenses, trial preparation and related exhibit expenses, jury fees, reporter fees, actual trial related expenses and other similar items. All costs and expenses will be charged at our cost. You understand that as indicated herein, you may be required to make a deposit for costs (estimated or realized) before the expenditure is made by attorney. While as a professional courtesy, attorney may advance certain costs on your behalf, on our demand, you agree to pay for all actual and/or estimated costs, disbursements, and expenses. You authorize attorney to incur all reasonable above-indicated costs at our sole good faith discretion. In the event that an award of costs is sought on your behalf in this action, you understand that the amount which the court may order as costs is the amount the court believes the party is entitled to recover, and does not necessarily determine or reflect what costs attorney is entitled to charge its clients or that only the costs which were allowed were reasonable. You agree that you remain responsible for the payment, in full, of all attorneys' fees and costs in connection with this matter and subject to the terms and conditions herein.

7. **BILLING STATEMENTS:** Upon your written request, we will send you billing statements for costs, disbursements, and expenses incurred in connection with this matter. Please note that if an outstanding billing statement is not paid when due, interest will be charged on the principal balance (fees, costs, and disbursements) shown on the statement. Interest will be calculated by multiplying the unpaid balance by the periodic rate of .833% per month (TEN PERCENT [10%] ANNUAL PERCENTAGE RATE). The unpaid balance will bear interest until paid.

8. **APPROVAL NECESSARY FOR SETTLEMENT:** We will not make any settlement or compromise of any nature of any claim without your prior approval. You agree that while this agreement is in force and effect, you waive any rights and authority to independently make any settlement or compromise of any nature without written approval by attorney. Should you independently settle or compromise your claim contrary to the terms of this agreement, out of the gross amount, we are entitled to receive directly from the payor, the full payment of fees, costs and expenses, as set forth more fully herein. As indicated herein, you also grant us a legal and equitable attorney lien relative to said payments and reimbursements.

9. **LIMITATION OF REPRESENTATION:** We are representing you only on the matter described herein.

10. **DISCHARGE AND WITHDRAWAL:** You may discharge us at any time and, we may withdraw as your attorney at any time, upon written notice. Upon either instance, we will immediately cease to render additional services. Such a discharge or withdrawal does not, however, relieve you of the obligation to pay any fees or costs incurred prior to such termination, and we have the right to recover from you the reasonable value of our legal services rendered from the effective date of this agreement to the date of discharge. We may withdraw from representation of you (a) with your consent (b) upon court approval, or (c) upon reasonable notice to you. All lien provisions set forth below are incorporated herein.

11. **CONCLUSION OF SERVICES AND MAINTENANCE OF FILE:** When our services are terminated or conclude for any reason whatsoever, all unpaid fees and charges will immediately become due and payable. You authorize us to use any funds held in our trust or general business accounts as a deposit against unpaid fees and costs and to apply it to such unpaid balances. After our services are concluded, we will, upon your written request, make your original file reasonably available to you, along with any remaining funds or property of yours in our possession. Absent your written request, attorney agrees to maintain the case file in this matter in copied or digital scanned format, for a period of up to five (5) years after it is concluded either by settlement, mediation, arbitration, trial, appeal or dismissal. All original documents and photographs will be destroyed after the initial copy or scanning process. After five (5) years, the above-described copy or scanned file will be discarded, destroyed and/or recycled without notification to the client. If attorney wishes to

discard, destroy and/or recycle the file before the expiration of the five (5) year period, attorney shall provide reasonable written notice of not less than thirty days to the client, and afford client an opportunity to retrieve the copies or scanned file. Client may also wish to maintain the copied or scanned file after the five (5) year period, and if so, client must notify attorney in writing of such intention, prior to the expiration of the five (5) year period.

12. **LIEN:** You hereby grant us an express and implied legal and equitable lien for any monies owed to attorney, under the terms of this agreement and, on any and all claims or causes of action that are the subject of our representation under this agreement. Our lien will be for any sums owed to us for any unpaid balances including but not limited to those related to costs, attorneys' fees (contingency or otherwise), and expenses. The lien will attach to your right to receive monies relative to the litigation and/or conclusion of this matter including but not limited to any monies you may be entitled to from arbitration awards, judgments, settlements, or otherwise. Said lien allows for our name to be included on all disbursements. A lien acts as security for payment due to attorney by client. This lien could delay payments to client until any disputes over the amount to be paid to Attorney are resolved. As indicated herein, client hereby grants Attorney a lien for any sums due and owing to attorney for fees and costs at the conclusion of Attorney's services. The lien will attach to any and all real or personal property of client's, including any recovery client may obtain, whether by arbitration award, judgment, settlement or otherwise, in this matter. Client may seek the advice of an independent lawyer of the client's choice about this lien and this matter. By signing this agreement, client acknowledges that he/she/it has been so advised and given a reasonable opportunity to seek that advice. In the event of the termination of our professional relationship for any reason including but not limited to discharge, withdrawal, or a breach of this agreement, you agree that this firm has an express and implied legal and equitable lien relative to any sums you may be entitled to relative to this matter and, at our option, we shall be entitled to be immediately paid directly from the payor, without notice to you, which may include but is not limited to insurance companies, opposing parties, subsequent counsel, or you, our lien for any sums owing to us for any unpaid balances including but not limited to those related to costs, attorneys' fees, and expenses. Such fee shall be determined by the intent, terms, and conditions of this agreement and by considering the following factors: (1) the actual number of hours expended by us in performing legal services for you; (2) our hourly rate of $450.00; (3) the extent to which our services have contributed to the result obtained; (4) the amount of the fee in proportion to the value of the services performed; (5) the amount of recovery obtained; (6) time limitations imposed on us by you or by the circumstances; and (7) the experience, reputation, and ability of our attorneys and staff performing the services. Please note that should it be necessary to institute legal proceedings against you for the collection of all or any part of our lien including said costs, attorneys' fees, expenses and advances, you agree to pay all costs of collection and suit, interest at the legal rate on all outstanding balances, and reasonable attorneys' fees related thereto. You also agree that the exclusive jurisdiction and venue for all legal proceedings shall be the County of Orange, State of California.

13. **ERRORS AND OMISSIONS COVERAGE:** Attorney does maintain errors and omissions coverage. However, this does not relieve Attorney of any and all responsibilities Attorney may have as a result of this agreement or as a result of engaging in this attorney-client relationship with Client.

14. **DISCLAIMER OF GUARANTY:** Nothing in this agreement and nothing in our statements to you will be construed as a promise or guarantee about the outcome of this matter. <u>We make no such promises or guarantees</u>. There can be no assurance that you will recover any sum or sums in this matter. Our comments, if any, about the outcome of your matter are expressions of opinion only. We do promise to use our best efforts to provide you with professional legal representation.

15. **ATTORNEY'S AUTHORITY:** For your convenience and to assist attorney with its representation of you in connection with the matter covered by this agreement, you hereby give us full power, authority, and power of attorney to execute all pleadings, documents, claims, deposits, drafts, checks, releases, orders and contracts relative to this matter. You also provide us with express authority to communicate this authority to various third parties. If attorney is unable to locate client, client grants attorney authority to resolve client's case as attorney sees fit within attorney's judgment and which is in the best interest of the client.

16. **MEDIATION AND ARBITRATION AGREEMENT REGARDING DISPUTES**: Any dispute between us arising out of or connected to our representation of you, including but not limited to all tort or contract causes of action, as well as claims based on claimed breach of contract, unjust enrichment, legal malpractice, breach of fiduciary duty, constructive fraud, negligent misrepresentation and fraud, shall be submitted to binding arbitration at Judicate West Arbitration and Mediation Service, in Orange County, California before a single neutral arbitrator who will apply applicable Judicate West arbitration rules. By so agreeing, you are waiving your right to submit any dispute or any cause of action you may have against us to a jury or court trial. Notwithstanding the binding arbitration agreement set forth in paragraph (a) above, in the event of a fee dispute between us, you are entitled to participate in fee arbitration through the Orange County Bar Association, pursuant to Business & Professions Code section 6200-6206. In the event you elect not to participate in fee arbitration pursuant to the Business & Professions Code, we will resolve the fee dispute pursuant to the binding arbitration agreement set forth in paragraph (a) above. If you do elect to participate in such a fee arbitration but reject an award issued therein by, among other things, requesting a trial de novo, the trial de novo will consist of a binding arbitration conducted pursuant to the agreement set forth in paragraph (a) above. If you waive fee arbitration through the Orange County Bar Association or request a trial de novo following such a fee arbitration, you are waiving your right to submit the fee dispute to a jury or court trial. We advise you that you have the right to review this arbitration provision with independent counsel of you choosing. Notice: By executing this retainer agreement, you are agreeing to arbitration as set forth above, and are giving up your right to a jury trial or court trial as to all claims covered by that arbitration agreement; and also acknowledging that you have been advised to and have had the opportunity to consult with independent counsel concerning this arbitration agreement.

17. **DIVISION OF ATTORNEY FEES (Attorney To Attorney Referrals)**: This may or may not apply in your case: In full compliance with California State Bar Rule 2-200, information was discussed and disclosed between attorney and client concerning the client's choice in retaining attorney. It is understood that the client was referred to and/or otherwise provided with our name, or the name of an attorney who is a member of this firm, by another attorney or law firm. That

in this specific case, attorney intends to divide up to (\_\_\_\_ %) of its net attorney fees with _____ at the conclusion of this case. The legal fees charged to the client by attorney are not increased by reason of the above-indicated referral or anticipated division of attorney fees. After full disclosure of the intended division of attorney fees, and after being informed that the intended division of attorney fees will not increase the legal fees client will be charged and will not decrease or in any other way detrimentally affect the client's recovery in this case, the client hereby expressly consents to the division. The client also consents to attorney providing the referring attorney with responsible case status updates.

18. **TAX ADVICE:** Attorney has advised client that any settlement, award or judgment obtained as a result of the representation may be partly or wholly taxable. Attorney has informed client that tax advice is included for an additional fee.

19. **PROFESSIONAL LIABILITY INSURANCE DISCLOSURE**: Pursuant to California Rule of Professional Conduct 3-410, we are informing you in writing that we do have professional liability insurance.

20. **ATTORNEYS' FEES CLAUSE**: The prevailing party in any action or proceeding arising out of or to enforce any provision of this agreement, with the exception of a fee arbitration or mediation under Business and Professions Code Sections 6200-6206, will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered.

21. **ENTIRE AGREEMENT**: This agreement contains the entire agreement of the parties. No other agreement, statement, or promise made before, during or subsequent to the effective date of this agreement will be binding on the parties unless in writing and signed by all parties.

22. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY:** If any provision of this agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

23. **MODIFICATION BY SUBSEQUENT AGREEMENT:** This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by all parties.

24. **INDEPENDENT ATTORNEY REVIEW:** You have the right to have an independent Attorney review this agreement before you sign it. By executing this agreement, you acknowledge and agree that you have been given a reasonable opportunity to have an independent attorney review this document and have executed this document only after having done so, or, only after reviewing this agreement carefully and then intentionally waiving your right to do so.

25. **EFFECTIVE DATE:** The effective date of this agreement will be the date on which Attorney is in receipt of one copy of the agreement executed by Client. The attorney-client relationship will commence on the effective date of this agreement. Attorney will not become Client's attorney nor will Attorney perform any legal services on behalf of Client before the effective date of this agreement. The date below is for reference only. A copy, facsimile or other electronic reproduction of this agreement and/or signatures is deemed valid as originals.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM, AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. THE CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

Dated: _____     _____
                              On behalf of Law Office of Jerome Anthony Clay, Jr.

I/We have read and understand the foregoing terms and conditions and agree to each of them. If more than one party signs below, we agree to be liable jointly and severally for all obligations under this agreement. By signing this agreement, I/we acknowledge receipt of a fully executed duplicate of this agreement.

Dated: _____     _____
                              Kandi Stewart - Guardian Ad Litem for Kyse Monk

Dated: _____     _____
                              Client (print and sign name)

Dated: _____     _____
                              Client (print and sign name)

Dated: _____     _____
                              Client (print and sign name)

**Dropbox Sign**                                                                 Audit trail

| | |
|---|---|
| Title | Hello |
| File name | Litigation_Fee_Ag...105-1-13snehn.pdf |
| Document ID | 025f665b3999c0887ec9d309d5eafd29975f6748 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

**This document was requested on lawofficeofjeromeclay.cliogrow.com and signed on lawofficeofjeromeclay.cliogrow.com**

## Document History

**SENT**  
**01 / 05 / 2023**  
00:49:37 UTC  
Sent for signature to Kandi Stewart (ksmonk88@yahoo.com) from jclay7@sbcglobal.net  
IP: 76.137.212.178

**VIEWED**  
**01 / 05 / 2023**  
03:56:27 UTC  
Viewed by Kandi Stewart (ksmonk88@yahoo.com)  
IP: 108.207.91.237

**SIGNED**  
**01 / 05 / 2023**  
10:59:15 UTC  
Signed by Kandi Stewart (ksmonk88@yahoo.com)  
IP: 108.207.91.237

**COMPLETED**  
**01 / 05 / 2023**  
10:59:15 UTC  
The document has been completed.

Powered by **Dropbox Sign**