UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MAURICE MONK, et al., <br><br>Plaintiffs, <br><br>v. <br><br>WELLPATH COMMUNITY CARE, et al., <br><br>Defendants. | Case No. 22-cv-04037-TSH <br><br>**ORDER GRANTING MOTION TO DISMISS** <br><br>Re: Dkt. No. 81 |

Pending before the Court is Defendant Wellpath Community Care, LLC's motion to dismiss. ECF No. 81. The Court finds this matter suitable for disposition without oral argument and **VACATES** the February 1, 2024 hearing. Civ. L.R. 7-1(b).

This case arises from the death of Maurice Monk, a pretrial detainee, at the Santa Rita Jail on November 15, 2021. According to the Second Amended Complaint (ECF No. 70), over the course of the 34 days that Mr. Monk was at the jail, medical and law enforcement staff denied him adequate medical care, were callous and indifferent to his mental and physical wellbeing and observed him lying face down on his bunk for three days while unopened meals, water and medication gathered at the door of his cell. During a wellness check on the evening of November 15, Mr. Monk was discovered to have died, though Plaintiffs assert that it is likely he had died well before that time.

Plaintiffs allege the following causes of action: (1) Fourteenth Amendment - Deliberate Indifference pursuant to 42 U.S.C. § 1983; (2) Fourteenth Amendment – Familial Loss pursuant to 42 U.S.C. § 1983; (3) Supervisory and Municipal Liability for Unconstitutional Custom or Police Practice – 42 U.S.C. § 1983 (*Monell*) (4) Title II of Americans with Disabilities Act; (5) Negligence and Wrongful Death (6) violation of the Bane Act pursuant to Cal. Civ. Code § 52.1;

1  and (7) violation of Cal. Civ. Code § 845.6.

2        Wellpath moves to dismiss Plaintiffs' fourth cause of action under the ADA and their seventh cause of action brought under section 845.6 pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Wellpath is not a "public entity" as the term relates to these statutes. ECF No. 81. Plaintiffs do not oppose Wellpath's motion on these grounds. ECF No. 82. Accordingly, the Court **GRANTS** Wellpath's motion to dismiss these causes of action.

      In addition, Wellpath moves to strike all references to alleged liability of Wellpath based upon Government Code section 815.2 as stated in Plaintiffs' complaint at paragraphs 19 and 192 (in Plaintiffs' Fifth Cause of Action) and 199 (in Plaintiffs' Sixth Cause of Action), arguing these references are inapplicable to Wellpath as a private entity.

      Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiffs oppose this request "to the extent that Well Path [sic] is still responsible under a vicarious liability theory for the conduct of its employees generally." However, Plaintiffs fail to explain any extent to which a statute giving rise to liability against public entities applies to a private entity such as Wellpath, regardless of whether the theory of liability was one of direct or vicarious liability.

      Government Code section 815.2 states, in pertinent part as follows:

> (a) A **public entity** is liable for injury proximately caused by an act or omission of **an employee of the public entity** within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

(Emphasis added.) On its face, section 815.2 applies solely to public entities and/or public employees, specifically addressing a theory of vicarious liability of a public entity for the acts of its public employees. A "'public entity' includes the state [of California], the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." Cal. Gov't Code § 811.2. A "public employee" is defined as an employee of a public entity. *Id.* § 811.4.

      Plaintiffs' opposition fails to explain or provide authority for any basis upon which to find

that Wellpath is a public entity, nor does Plaintiffs' opposition allege that, or explain how, Wellpath's employees could be determined to be employees of a public entity. Indeed, Plaintiffs fail even to make the conclusory argument that Wellpath is or somehow should be considered a public entity subject to section 815.2. In fact, based upon the non-opposition to Wellpath's motion to dismiss with respect to counts four and seven, both based upon the fact that Wellpath is not a public entity, Plaintiffs appear to have conceded that Wellpath is not a public entity.

As Wellpath is a private corporation, and therefore not subject to Government Code Section 815.2, Plaintiffs cannot properly plead facts sufficient to establish liability against Wellpath or its employees pursuant to this section. Accordingly, the Court **GRANTS** Wellpath's motion to strike these allegations.

**IT IS SO ORDERED.**

Dated: January 30, 2024

THOMAS S. HIXSON
United States Magistrate Judge