UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MAURICE MONK, et al., <br> Plaintiffs, <br> v. <br> CALIFORNIA FORENSIC MEDICAL GROUP, et al., <br> Defendants. | Case No. 22-cv-04037-TSH <br><br> **ORDER DENYING MOTION TO STRIKE NOTICE OF LIEN** <br><br> Re: Dkt. No. 175 |

On May 22, 2025, Pointer & Buelna, LLP, counsel for Plaintiff Nia' Amore Monk, filed a Notice of Lien, stating they "have a claim of lien for legal costs in the amount of $99,874 against any settlement or judgment proceeds to be paid to Plaintiff KYSE MONK." ECF No. 175. Kyse Monk now moves for an order striking or expunging the notice, arguing it "constitutes an improper attempt to impose unilaterally incurred expenses onto a non-client without legal justification" and "jeopardizes the integrity of [his] recovery and offends fundamental principles of fairness." ECF No. 189. Pointer & Buelna filed an opposition (ECF No. 190) and Kyse Monk filed a reply (ECF No. 191). The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 31, 2025 hearing. Civ. L.R. 7-1(b).

While the federal rules don't explicitly permit a court to strike non-pleadings, "District courts possess the inherent power to control their dockets, to manage their own affairs, and to determine what appears in the court's records." *Van v. Black Angus Steakhouses, LLC*, 2018 WL 2763330, at *2 (N.D. Cal. June 8, 2018) (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404-05 (9th Cir. 2010)). "'[S]triking material under the Court's inherent power is wholly discretionary.'" *Bolooki v. Honda Motor Co. (In re Honda Idle Stop Litig.)*, 2024 WL 4404067, at *1 (C.D. Cal. July 30, 2024) (quoting *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at

1   *1 (D. Nev. Oct. 14, 2016)).

2         From the record, it appears Pointer & Buelna and Kyse Monk's counsel, the Law Office of Jerome A Clay, entered into or attempted to enter into a cost sharing agreement for litigation costs. *See* Buena Decl., Ex. 1, ECF No. 190-1 (11/27/23 email exchange between Adante Pointer and Jerome Clay in which Mr. Pointer states "I wanted to confirm that our offices agree to split expert fees and joint costs 50/50," and Mr. Clay responds "Yes sir we will split everything 50/50 and happy holidays"); Reply at 2 ("The Notice of Lien . . . rests solely on an unexecuted and disputed inter-attorney cost-sharing understanding").  However, even if the parties did enter into a valid agreement (and the Court makes no such finding here), Pointer & Buelna admits it would need to bring a separate action in state court for breach of contract, as any such dispute is not properly before this Court.  *See* Opp'n at 5-7.  The Court agrees.  *See Carroll v. Interstate Brands Corp.*, 99 Cal. App. 4th 1168, 1173 (2002) ("After the client obtains a judgment, the attorney must bring a separate, independent action against the client to establish the existence of the lien, to determine the amount of the lien, and to enforce it. . . .  An order within the underlying action purporting to affect an attorney's lien is void.") (collecting cases); *Clinton v. Adams*, 2014 WL 6896021, at *4 (C.D. Cal. Dec. 5, 2014) ("[A]n attorney claiming an attorney's lien on the judgment is not a party. . . .  As a result, the trial court in the underlying action 'acts in excess of its jurisdiction when it purports to determine' the existence or validity of the alleged attorney's lien.") (citing *Carroll*, 99 Cal. App. 4th at 1173-74, and *Brown v. Superior Ct.*, 116 Cal. App. 4th 320, 328-31 (2004)).  Therefore, the Court finds it is without jurisdiction to consider the matter and, as the lien issue has no effect in this case, the Court declines to exercise its discretion to strike the notice. *See In re Twitter Inc. Sec. Litig.*, 2020 WL 485547, at *3 (N.D. Cal. Jan. 30, 2020) (declining to strike exhibits where doing so would not "clarify the docket").  Kyse Monk's motion is therefore **DENIED**.

      **IT IS SO ORDERED.**

Dated: July 16, 2025

THOMAS S. HIXSON
United States Magistrate Judge